831 So.2d 248 (2002)
Willie D. McCUNE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3404.
District Court of Appeal of Florida, Second District.
November 27, 2002.
SILBERMAN, Judge.
Willie McCune challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). McCune raised four grounds for relief in his motion. We affirm the order of the trial court and discuss only one of McCune's claims.
In the first ground of his motion, McCune alleged that his consecutive sentences as a prison releasee reoffender were illegal where both offenses occurred in a single criminal episode. The trial court denied this claim, stating only that McCune was confusing the prison releasee reoffender statute with the habitual offender statute.
This court has held that a defendant cannot be sentenced to consecutive prison releasee reoffender sentences where the offenses were part of a single criminal episode. See Smith v. State, 824 So.2d 263, 264 (Fla. 2d DCA 2002). However, McCune did not present a facially sufficient claim since he did not allege that the claim could be determined from the face of the record. See id. We therefore affirm the order of the trial court without prejudice to any right McCune may have to raise this claim in a facially sufficient rule 3.800(a) motion or a timely, facially sufficient motion under Florida Rule of Criminal Procedure 3.850.
Affirmed.
CASANUEVA and SALCINES, JJ., Concur.