PER CURIAM.
 

 The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand for the appellant to be resentenced according to a correctly calculated scoresheet.
 

 On September 15, 1987, following a jury trial, the appellant was convicted of burglary with assault (count one), aggravated assault (count two), sexual battery (count three), kidnapping (count four), and robbery with a weapon (count five). He was sentenced to concurrent terms of life imprisonment for counts one, four and five, five years’ imprisonment for count two, and 30 years’ imprisonment for count three.
 

 
 *1165
 
 The appellant asserts that his scoresheet erroneously included two convictions for robbery as “prior record” convictions where those crimes took place after the instant offenses. The record indicates that the two “prior” robberies occurred after the primary offense was committed, even though the appellant was sentenced for those crimes before the instant convictions. Thus, those crimes were not prior convictions and were improperly included on the appellant’s sentencing scoresheet.
 
 See
 
 Fla. R.Crim. P. 3.701(d)(5);
 
 Schummer v. State,
 
 657 So.2d 3 (Fla. 1st DCA 1995) (after-committed offenses could not be scored on score-sheet for instant crimes);
 
 Laster v. State,
 
 486 So.2d 88, 88 (Fla. 5th DCA 1986) (holding that the points assessed for a prior offense should not have been added to the scoresheet because that crime was committed after the primary offense and thus is not a prior offense even though the appellant had been convicted and sentenced for the prior before the instant conviction and sentences). The state concedes that the inclusion of the robbery convictions on the scoresheet is improper. The error renders the appellant’s sentence illegal. Absent the 318 points erroneously scored for the two robbery convictions, the life sentences would have been upward departure sentences. Because it appears the appellant’s sentences could not have been imposed, absent a departure, the appellant is entitled to relief.
 
 [1]
 

 See Goings v. State,
 
 990 So.2d 1228 (Fla. 1st DCA 2008) (holding that because a sentence could not have been imposed absent a departure, a defendant who filed a 3.800(a) motion alleging scoresheet error is entitled to relief).
 

 The trial court denied the appellant’s claim as successive. While rule 3.800(a) does not prohibit successive motions, a defendant is not entitled to successive review of a specific issue that has already been decided on the merits.
 
 See State v. McBride,
 
 848 So.2d 287, 291 (Fla.2003);
 
 Fuston v. State,
 
 764 So.2d 779 (Fla. 2d DCA 2000). Although the appellant has raised this claim in previous postcon-viction motions, the claim has never been addressed on the merits.
 
 See Williams v. State,
 
 868 So.2d 1234 (Fla. 1st DCA 2004) (“[T]he trial court erred in denying the appellant’s claim as being barred by collateral estoppel as it is not clear from the record before this Court that the instant claims have ever been decided on the merits”);
 
 Pleasure v. State,
 
 931 So.2d 1000, 1002 (Fla. 3d DCA 2006) (“For the bar of collateral estoppel to apply, the prior decision must have been on the merits.”). Thus, collateral estoppel does not bar the appellant from challenging the scoring of the robbery convictions.
 

 Accordingly, we REVERSE and REMAND for the trial court to resentence the appellant pursuant to a correctly calculated scoresheet.
 

 VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.
 

 [1]
 

 . The appellant also asserts that his score-sheet contained a prior conviction for robbery which does not exist. Because we are reversing and remanding for resentencing, that claim may be litigated at the resentencing hearing.