MORRIS, Judge.
Hosea T. Blackwell appeals the order denying his May 2010 motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), as well as the order denying his September 2009 petition for writ of habeas corpus[1] and the order denying his February 2002 motion to supplement or amend a motion he filed pursuant to Florida Rule of Criminal Procedure 3.850. We reject what appears to be a request to treat this appeal as a petition for writ of habeas corpus based on a manifest injustice because the issue raised by Blackwell could have been raised on direct appeal.[2] We affirm without comment the denial of the 2009 habeas petition, and we dismiss Blackwell’s challenge to the 2002 motion to supplement or amend. We also affirm the denial of the rule 3.800(a) motion without prejudice to any right Blackwell may have to file a facially sufficient claim regarding the victim’s age at the time the offense occurred. We write only to explain why this claim was improperly denied as successive.
In November 2000, Blackwell was convicted of attempted sexual battery and attempted aggravated battery. He was sentenced to fifteen years in prison for the attempted sexual battery conviction and to five years in prison for the attempted aggravated battery conviction. Since the entry of his judgments and sentences, Blackwell has filed numerous postconviction pleadings in both state and federal courts.
In his May 2010 rule 3.800(a) motion, Blackwell alleged that the trial court was without jurisdiction to impose a sexual predator designation at sentencing because the victim was not a minor at the time of the crime and section 775.21(4)(c)(l)(B), Florida Statutes (1999), provided that the designation was applicable only where the victim of specified crimes was a minor.
In denying the motion, the postconviction court found that Blackwell raised the same claim in his June 2009 rule 3.800(a) motion and that it was denied. The post-conviction court also noted that this court affirmed that denial. As a result, the post-conviction court held that the May 2010 claim was successive.
A defendant is collaterally es-topped from bringing a successive rule 3.800(a) claim only where it has been raised previously and decided on the merits. See State v. McBride, 848 So.2d 287, 291 (Fla.2003); Fuston v. State, 764 So.2d 779, 779 (Fla. 2d DCA 2000); Holton v. State, 51 So.3d 1164, 1165 (Fla. 1st DCA *1213 2010). And while it is true that Blackwell raised the claim in his June 2009 rule 3.800(a) motion, the postconviction court in the 2009 proceedings did not deny the claim on the merits but as successive. Consequently, the only way the claim in the instant motion could truly be successive is if it had been raised and denied on the merits on a prior occasion. But it is not clear from the record before this court that this claim has ever been considered on the merits. Accordingly, the postconviction court erred by denying the May 2010 claim as successive based on the 2009 rule 3.800(a) motion and order.
However, Blackwell’s claim is facially insufficient because he does not allege that the issue of the victim’s age is apparent from the face of the record. See McCune v. State, 831 So.2d 248, 248 (Fla. 2d DCA 2002) (holding that because appellant did not allege that claim could be determined from the face of the record, it was facially insufficient under rule 3.800(a)). And although Blackwell claims that the victim testified regarding her birth date in a taped police interview, he does not claim that the interview is part of the official record below nor does he cite to the place in the record where this information could even be located.
We therefore affirm the denial of this claim without prejudice to any right Blackwell may have to raise this claim in a facially sufficient rule 3.800(a) motion. See McCune, 831 So.2d at 248. If Blackwell elects to do so, the postconviction court should not treat the claim as successive as explained herein. We also note that the postconviction court’s proscription of Blackwell’s filing further pro se pleadings[3] should not extend to this particular claim.
Affirmed in part; dismissed in part.
SILBERMAN, C.J., and BLACK, J., Concur.

. The habeas petition was originally dismissed by the postconviction court. However, on appeal, this court relinquished jurisdiction with directions for the postconviction court to treat the petition as a motion for postconviction relief. The postconviction court entered a new order denying the motion in March 2010.

. See Baker v. State, 878 So.2d 1236, 1245-46 (Fla.2004).

. On appeal, Blackwell raised the issue of whether he was properly barred from filing further pro se pleadings in a notice of supplemental authority. Because he did not raise this issue in his pro se brief, we decline to address the propriety of this ruling. See Cleveland v. State, 887 So.2d 362, 364 (Fla. 5th DCA 2004) (noting that Florida Rule of Appellate Procedure 9.225 was not intended to allow parties to submit an additional brief raising new issues under the guise of supplemental authority).