*368
 
 ALTENBERND, Judge.
 

 David L. Boardman appeals an order summarily denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 8.800(a). In his motion, he alleged that the trial court violated
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), when it resentenced him after this court determined that his original sentence was illegal under
 
 Heggs v. State,
 
 759 So.2d 620 (Fla.2000). The trial court denied the motion, concluding that these cases did not apply to Mr. Boardman. We stayed this case, pending a decision by the Florida Supreme Court in
 
 Isaac v. State,
 
 911 So.2d 813 (Fla. 1st DCA 2005),
 
 review dismissed, State v. Isaac,
 
 66 So.3d 912 (Fla.2011), in light of the conflict among the districts courts over the retroactive application of
 
 Apprendi
 
 and
 
 Blakely.
 
 The supreme court subsequently dismissed its review proceedings in
 
 Isaac,
 
 concluding that its decision in
 
 State v. Fleming,
 
 61 So.3d 399 (Fla.2011), resolved the conflict among the districts. After a review of the supreme court’s decision in
 
 Fleming,
 
 we conclude that Mr. Boardman is not entitled to relief under
 
 Apprendi
 
 or
 
 Fleming.
 
 Accordingly, we affirm the trial court’s order.
 

 In 1998, Mr. Boardman pleaded nolo contendere to several counts of sexual activity with a child in custodial authority. These offenses took place in September 1996. His negotiated sentence for each offense was thirty-nine years’ imprisonment. This court affirmed these judgments and sentences on direct appeal.
 
 Boardman v. State,
 
 754 So.2d 33 (Fla. 2d DCA 2000) (table decision). Thereafter, Mr. Boardman successfully moved for collateral relief under
 
 Heggs.
 
 The trial court conducted a resentencing hearing on March 19, 2001.
 

 At the hearing, Mr. Boardman did not seek to withdraw his plea. Without objection, the trial court considered grounds for an upward departure. In light of earlier offenses, including a sexual offense in Illinois, the trial court determined that there was an escalating pattern of offenses and imposed an upward departure sentence. On count one, the court imposed a thirty-year sentence, and on court two, the court imposed a consecutive nine-year sentence. Thus, the length of imprisonment remained the same. Mr. Boardman received
 
 *369
 
 terms of community control and probation on counts three and four. He appealed these new sentences. This court affirmed the sentences and issued mandate in May 2002.
 
 See Boardman v. State,
 
 818 So.2d 507 (Fla. 2d DCA 2002) (table decision). We affirmed the denial of an earlier post-conviction motion in 2008.
 
 See Boardman v. State,
 
 845 So.2d 198 (Fla. 2d DCA 2003) (table decision).
 

 Mr. Boardman now claims that these sentences are illegal under
 
 Apprendi
 
 because the trial court enhanced his guidelines sentences based upon factual findings by a judge instead of a jury. We conclude that Mr. Boardman is not entitled to relief under
 
 Apprendi
 
 because his sentences did not exceed the statutory maximum for these offenses.
 
 See, e.g., Caraballo v. State,
 
 805 So.2d 882, 882 (Fla. 2d DCA 2001) (finding no error in imposing victim injury points that increased the defendant’s sentence because the sentence did not exceed the statutory maximum under section 775.082, Florida Statutes (1997));
 
 McCloud v. State,
 
 803 So.2d 821, 827 (Fla. 5th DCA 2001) (holding that the relevant inquiry in determining whether a sentence violates
 
 Apprendi
 
 is “the statutory maximum applicable to the crime” and “not the guidelines range applicable to the circumstances of a particular offense”).
 

 If
 
 Blakely
 
 applied retroactively to this case, the fact that the sentences did not exceed the statutory maximum might not dispose of his claim. As the Court clarified in
 
 Blakely,
 
 the “ ‘statutory maximum’ for
 
 Apprendi
 
 purposes is the maximum sentence a judge may impose
 
 solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” Blakely,
 
 542 U.S. at 303, 124 S.Ct. 2531 (emphasis in original). Under
 
 Blakely,
 
 there would be a possibility that Mr. Boardman would be entitled to relief. However, in
 
 Fleming,
 
 the supreme court held:
 

 [W]hen a sentence is vacated, the defendant is resentenced at a new proceeding subject to the full panoply of due process rights, and (2) the decisional law in effect at the time of a de novo resentenc-ing or before that resentencing is final applies to those proceedings and the issues raised on appeal. Consonant with these two principles, we hold that
 
 Ap-prendi
 
 and
 
 Blakely
 
 apply to all de novo resentencings that were not final when
 
 Apprendi
 
 and
 
 Blakely
 
 issued regardless of when the conviction or original sentence was final.
 

 Fleming,
 
 61 So.3d at 408 (Fla.2011).
 

 Mr. Boardman was resentenced at a hearing in March 2001. His ease was in the appellate pipeline until May 2002.
 
 Blakely
 
 was not decided until June 2004. No matter how one measures the finality of his sentences, they were final before
 
 Blakely
 
 issued. Accordingly, he is not entitled to relief under
 
 Blakely.
 

 As such, we affirm the trial court’s order denying his motion to correct an illegal sentence.
 

 Affirmed.
 

 KELLY and VILLANTI, JJ., Concur.