CASANUEVA, Judge.
 

 In 2006, Jireh Kleppinger moved, pursuant to Florida Rule of Criminal Procedure 3.800(a), to correct an allegedly illegal departure sentence that the trial court imposed in 1997 for crimes he committed in 1996. He argues that the sentence imposed was in violation of
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); on an alternative ground, he added an argument for similar relief based on
 
 Graham v, Florida,
 
 — U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The postconviction court denied his motion. We conclude that neither
 
 Apprendi
 
 nor
 
 Blakely
 
 affords him relief but
 
 Graham
 
 does. We reverse for resentencing.
 

 Background
 

 In December 1996 seventeen-year-old Jireh Kleppinger escaped from jail while awaiting prosecution on minor charges. During the escape, he and a cohort severely injured a jail deputy by choking him, beating him with a fire extinguisher, then locking him in a cell. The State charged Mr. Kleppinger with (1) attempted second-degree murder of a law enforcement officer, a second-degree felony; (2) escape, a second-degree felony; (3) kidnapping of a law enforcement officer, a first-degree felony punishable by life; and (4) depriving a law enforcement officer of the means of communication, a third-degree felony. At trial, the jury found him guilty on all four counts as charged. In November 1997 the trial court departed from the guidelines by adopting the reasons put forth by the State, imposing the statutory maximum for each count, and further ordered that the four sentences be served consecutively: fifteen years in prison each for the attempted second-degree murder and escape convictions; a term of “natural life” in prison, i.e., without the possibility of release, for the kidnapping conviction; and five years in prison for the conviction of depriving the officer of his means of communication. On June 26, 2000, while his direct appeal was pending, the Supreme Court issued its
 
 Apprendi
 
 opinion. This
 
 *549
 
 court subsequently affirmed his convictions and sentences, remanding only for correction of two scrivener’s errors in the written judgment.
 
 Kleppinger v. State,
 
 779 So.2d 472 (Fla. 2d DCA 2000). Mr. Kleppinger’s direct appeal was final on November 27, 2000, when the mandate issued.
 

 The Guidelines Departure Sentence vis-á-vis
 
 Apprendi
 
 and
 
 Blakely
 

 In his rule 3.800(a) motion, Mr. Klep-pinger does not name a particular sentence of the four he received that is illegal, only that the trial court departed from the guidelines based on the grounds suggested by the State rather than factors found by the jury beyond a reasonable doubt. Thus he claims that this was a judicial finding of departure reasons by a preponderance of the evidence in violation of
 
 Apprendi See
 
 530 U.S. at 489-90, 120 S.Ct. 2348. In his initial brief, Mr. Kleppinger argues only a violation of
 
 Apprendi
 
 in the sentence of natural life for the kidnapping conviction. Kidnapping is a felony of the first degree punishable by life. § 787.01(l)(a)(2), Fla. Stat. (Supp.1996). He claims that
 
 Apprendi
 
 applies to his sentence because his sentence was not final when
 
 Apprendi
 
 issued. Mr. Kleppinger further argues that the Supreme Court’s subsequent clarification of
 
 Apprendi
 
 in
 
 Blakely
 
 did nothing to change the conclusion that his departure sentence is illegal under
 
 Apprendi.
 

 In its order, the postconviction court admitted that
 
 Apprendi
 
 applied to Mr. Kleppinger’s sentences because his direct appeal was not yet final when the Supreme Court issued
 
 Apprendi.
 
 But nevertheless the postconviction court denied him relief, explaining that because the life sentence for kidnapping was within the statutory maximum,
 
 Apprendi
 
 was not violated. This is the correct conclusion.
 
 See
 
 530 U.S. at 490, 120 S.Ct. 2348 (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime
 
 beyond the prescribed statutory maximum
 
 must be submitted to a jury, and proved beyond a reasonable doubt.” (emphasis added)).
 

 We reject Mr. Kleppinger’s further argument that
 
 Blakely
 
 should be applied retroactively to afford him relief.
 
 See Boardman v. State,
 
 69 So.3d 367 (Fla. 2d DCA 2011) (holding that a sentence that does not exceed the statutory maximum applicable to the crime does not violate
 
 Apprendi
 
 and a defendant is not entitled to the benefit of
 
 Blakely
 
 when his sentence became final before
 
 Blakely
 
 was issued). Mr. Kleppinger’s situation mirrors the defendant’s in
 
 Boardman
 
 and requires the same result, i.e., that neither
 
 Apprendi
 
 nor
 
 Blakely
 
 affords him relief on his natural life sentence for kidnapping.
 

 The postconviction court did not err in summarily denying Mr. Kleppinger’s rule 3.800(a) motion on his asserted grounds of
 
 Apprendi
 
 and
 
 Blakely.
 

 The “Natural Life” Sentence for Kidnapping
 

 We initially affirmed the postconviction court’s denial without a written opinion. But, for reasons not relevant here, we recalled the mandate in the instant appeal and allowed supplemental briefing to address the applicability of
 
 Graham,
 
 — U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825. In his supplemental brief, Mr. Kleppinger argues that
 
 Graham
 
 entitles him relief from the sentence he received for his kidnapping conviction, a term of “natural life.” Mr. Kleppinger’s argument on this point has merit.
 

 In
 
 Graham,
 
 the Supreme Court held that the Eighth Amendment to the United States Constitution prohibits imposition of a life without parole sentence on a juvenile offender who did not commit a homicide and that the State must give a juvenile nonhomicide offender sentenced to life without parole a meaningful opportunity to obtain release.
 
 Id.
 
 at 2030, 2032-33;
 
 *550
 

 see also Manuel v. State,
 
 48 So.3d 94, 96-97 (Fla. 2d DCA 2010). At the time Mr. Kleppinger kidnapped the jail deputy, he was a juvenile, the kidnapping crime was not a homicide, and the trial court sentenced him to a term of natural life for the kidnapping conviction. Thus he fits squarely under the rubric of
 
 Graham
 
 and
 
 Manuel
 
 and his sentence for the kidnapping conviction constitutes a violation of the Eighth Amendment.
 

 Conclusion
 

 The postconviction court correctly denied relief grounded upon Apprendi and
 
 Blakely.
 
 However, Mr. Kleppinger’s life sentence was rendered unconstitutional by the decision in
 
 Graham.
 
 Accordingly, we vacate his life sentence and remand for resentencing on the kidnapping count only. Because resentencing is “a de novo proceeding in which the decisional law effective at the time of resentencing applies,” Mr. Kleppinger’s new sentence must comport not only with
 
 Graham,
 
 but also with
 
 Apprendi
 
 and
 
 Blakely. State v. Fleming,
 
 61 So.3d 399, 400 (Fla.2011).
 

 Reversed and remanded for resentenc-ing in accordance with this opinion.
 

 KELLY and CRENSHAW, JJ., Concur.