[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13006
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00255-JES-DNF

JOSE RAUL PLASENCIA,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 1, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Raul Plasencia, a Florida state prisoner serving a 30-year sentence for second-degree murder, in violation of Florida Statutes § 782.04(2), appeals *pro se* the district court's denial of Ground Two of his 28 U.S.C. § 2254 petition for writ of habeas corpus.  In 2002, a jury convicted Plasencia of the 1996 murder of Michaelene Blastic.  Plasencia's guidelines range was 156 to 260 months' imprisonment.  The state trial court imposed a 30-year sentence, which reflected a 100-month upward departure from the guidelines range, based on its own judicial determination that the crime was one of violence and was especially heinous, atrocious, or cruel.

We issued a certificate of appealability (COA) as to whether Plasencia's 30-year sentence violates the rule announced in *Blakely v. Washington*, 542 U.S. 296 (2004).  Plasencia argues the state court's decision denying his *Blakely* claim was an unreasonable application of clearly established federal law.  He asserts that, because he was sentenced under Florida's 1994 mandatory sentencing guidelines, the statutory maximum the state trial court could impose without any additional fact finding was 260 months' imprisonment.  After review,[1] we affirm the district court's denial of habeas relief.

---

[1]   We review a district court's denial of a § 2254 habeas petition *de novo*.  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005).  "The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed *de novo*."  *Id.*

## I. PROCEDURAL BAR

As an initial matter, the State contends Plasencia waived his *Blakely* claim by not raising it until his motion for rehearing on direct appeal in state court. "Federal habeas review of a petitioner's claim is typically precluded when the petitioner procedurally defaulted on or failed to exhaust the claim in state court." *Pope v. Sec'y for the Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012).  A claim is not subject to procedural default unless the "last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar . . . and that bar provides an adequate and independent state ground for denying relief." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991) (*en banc*) (citation omitted).

The State's argument that Plasencia waived his *Blakely* claim because he did not raise it on direct appeal is unavailing because Plasencia raised his *Blakely* argument in his motion for rehearing after direct appeal.  The motion for rehearing was denied by the state appellate court without explanation.  Plasencia also raised his *Blakely* challenge in his Florida Rule of Criminal Procedure 3.850 motion.  The state habeas trial court denied Plasencia's claim on the merits, albeit in terms of a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Moreover, Plasencia set forth his *Blakely* argument in his brief on appeal, and the state habeas appellate court affirmed in a decision without opinion.  This Court interprets the state habeas

3

appellate court's affirmance without an opinion to be a denial on the merits.  *See*

*Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1353 (11th Cir. 2012).  Thus,

Plasencia's claim is not procedurally barred because the state court did not "clearly

and expressly [state] that its judgment rests on a procedural bar."  *See Johnson*,

938 F.2d at 1173.  Furthermore, Plasencia exhausted his state court remedies

because he presented his claim to the state's highest court in his motion for

rehearing on direct appeal, and in his Rule 3.850 motion, which was affirmed *per*

*curiam* by the Second District Court of Appeal.  *See Ward v. Hall*, 592 F.3d 1144,

1156 (11th Cir. 2010) (stating to exhaust state remedies, a petitioner must have

presented the issues raised in the federal habeas petition to the state's highest court,

either on direct appeal or collateral review); *see also Jenkins v. State,* 385 So. 2d

1356, 1359 (Fla. 1980) (holding a *per curiam* affirmance from a Florida District

Court of Appeal is not reviewable by the Florida Supreme Court).

## II.  *BLAKELY* ERROR

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective

Death Penalty Act (AEDPA), federal courts are precluded from granting

habeas relief on claims that were previously adjudicated on the merits in state court

unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or

4

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court applied the rule announced in *Apprendi* to hold a Washington state trial court violated the defendant's Sixth Amendment rights by sentencing the defendant to 90 months' imprisonment—which reflected a 37-month upward departure from the standard guideline range of 49 to 53 months—based upon the trial court's own finding that the crime involved "deliberate cruelty." 542 U.S. at 299-304. Although the statute provided a statutory maximum of ten years' imprisonment, the Court explained the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303. We have emphasized that *Blakely* was decided in the context of a mandatory guidelines system. *United States v. Rodriguez*, 398 F.3d 1291, 1297-98 (11th Cir. 2005).

As to the merits of Plasencia's *Blakely* claim, this Court interprets the state habeas appellate court's *per curiam* affirmance as a denial on the merits. *See*

5

*Shelton* 691 F.3d at 1353 (11th Cir. 2012). The state court's decision is therefore entitled to deference under § 2254(d). *See id.* Thus, in order to prevail on this claim, Plasencia must show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

The Supreme Court's decision in *Blakely* applies to Plasencia's case because his conviction was not yet final when the Supreme Court issued *Blakely*. *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (explaining when the Supreme Court issues a decision that "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"). The Florida Supreme Court has determined that a conviction is not final until the appellate court has issued the mandate. *Hughes v. State*, 901 So. 2d 837, 839 (Fla. 2005). The Supreme Court issued *Blakely* on June 24, 2004. 542 U.S. at 296. Although the state appellate court affirmed Plasencia's conviction and sentence on June 23, 2004, the mandate did not issue until March 30, 2005. Because Plasencia's case was pending on direct review, the rule announce in *Blakely* applied to his case.

Because *Blakely* was decided in the context of a mandatory guideline system, Plasencia's *Blakely* claim depends on whether the Florida guidelines under which he was sentenced were mandatory or advisory. *See Rodriguez*, 398 F.3d at 1297. Plasencia asserts he was sentenced under the mandatory 1994 sentencing

6

guidelines because the commission date of his offense fell within the window of *Heggs v. State*, 759 So. 2d 620 (Fla. 2000).  In *Heggs*, the Florida Supreme Court invalidated Florida's 1995 sentencing guidelines.  *Id.* at 630-31.  Thus, individuals who committed crimes between October 1, 1995, and May 24, 1997, were resentenced under the 1994 sentencing guidelines.  *Trapp v. State*, 760 So. 2d 924, 928 (Fla. 2000); *cf. Poole v. State*, 968 So. 2d 82, 83 (Fla. 5th DCA 2007) ("Based upon the date of his offense, Poole fell within the *Heggs* window and was sentenced under the 1994 guidelines." (footnote omitted)).  Because Plasencia's offense occurred in February 1996, his offense falls within the *Heggs* window.  Indeed, his guidelines calculation score sheet was entitled "*Heggs*-Sentencing Guidelines Scoresheet."

Defendants sentenced pursuant to the 1994 Florida sentencing guidelines were sentenced under a determinate sentencing scheme.  The 1994 sentencing guidelines provided "[s]entences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings."  Fla. Stat. § 921.001(5) (1994).  Moreover, Florida courts have recognized that, for defendants sentenced under the guidelines sentencing scheme, which used several factors and discretion in calculating the maximum guideline range, *Blakely* could provide relief, even if the sentence did not exceed the statutory maximum.  *See*

7

*Plott v. State*, 148 So. 3d 90, 95 (Fla. 2014) (quashing the appellate court's denial of the defendant's Rule 3.800 motion because the defendant's four sentences of life imprisonment imposed upon resentencing pursuant to *Heggs* were unconstitutionally enhanced under *Apprendi* and *Blakely* where the trial court imposed an upward departure without empaneling a jury to make the necessary factual determination); *Boardman v. State*, 69 So. 3d 367, 369 (Fla. 2d DCA 2011) (stating that, if *Blakely* applied retroactively to cases on collateral review, it could apply to a defendant who was sentenced under the 1994 sentencing guidelines).

The maximum sentence the state trial court could impose under *Blakely* without any additional fact findings was the top of Plasencia's guideline range— 260 months' imprisonment. The court imposed a 360-month sentence, which reflected a 100-month upward departure, based on its own factual findings. Because the state trial court imposed an upward departure based on facts that were not submitted to or proven to a jury, Plasencia's sentence was imposed in violation of *Blakely*. Nevertheless, as will be discussed in the next section, a reasonable court could have determined that any *Blakely* error was harmless; thus, the state court's decision was not unreasonable. *See* 28 U.S.C. § 2254(d).

### III.  HARMLESS ERROR

In *Brecht v. Abrahamson*, the Supreme Court determined the appropriate standard for harmlessness of a non-structural constitutional error on collateral

8

review is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. 619, 623 (1993) (quotation omitted). A non-structural constitutional error "occurs during the presentation of the case to the jury" and can be "assessed in the context of other evidence presented in order to determine the effect it had on the trial." *Id.* at 629 (quotation and alterations omitted). The Supreme Court has held *Blakely* error is not a structural error. *See Washington v. Recuenco*, 548 U.S. 212, 222 (2006) (concluding, in the context of a direct appeal, that failing to submit a sentencing factor to the jury was not structural error and was thus subject to harmless error review).

"When reviewing the harmlessness of an error under the *Brecht* standard, if, when all is said and done, the court's conviction is sure that the error did not influence, or had but very slight effect, the verdict and judgment should stand." *Ross v. United States*, 289 F.3d 677, 683 (11th Cir. 2002) (quotations and alterations omitted). However, an error is not harmless if the court is "in grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quotation omitted). The *Brecht* harmless-error standard applies to a *Blakely* challenge raised in a § 2254 petition. *See Lovins v. Parker*, 712 F.3d 283, 303-04 (6th Cir. 2013) (concluding the *Blakely* error was not harmless).

9

In the context of direct appeals, we have determined a *Blakely* error is harmless "if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. King*, 751 F.3d 1268, 1279 (11th Cir. 2014) (quotation and alterations omitted) (applying harmless error review to errors under *Alleyne v. United States*, 133 S. Ct. 2151 (2013)); *United States v. Dulcio*, 441 F.3d 1269, 1277 (11th Cir. 2006) (reviewing *Blakely* claim for harmless error).

Under the Florida law applicable to Plasencia's sentence, an aggravating factor may warrant a departure above the guideline range if "[t]he offense was one of violence and was committed in a manner that was especially heinous, atrocious, or cruel." Fla. Stat. § 921.0016(3)(b) (1994). The Florida Supreme Court has upheld the determination that a crime was especially heinous, atrocious, or cruel where the victim was strangled. *Stephens v. State*, 975 So. 2d 405, 423 (Fla. 2007) (analyzing the especially heinous, atrocious, and cruel aggravating factor in a capital case).

Plasencia cannot prevail under either the *Brecht* standard or the more petitioner-friendly harmless-error standard applied to *Blakely* challenges raised on direct appeal. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1233-34 n.26 (11th Cir. 2014) (indicating harmlessness beyond a reasonable doubt is a more petitioner-friendly standard). A rational jury would have found Plasencia

10

warranted an upward departure because the crime was especially heinous, atrocious, or cruel.  The evidence presented at trial showed Blastic was found dead in her refrigerator, the cause of death was by strangulation, there was a struggle, and she had blunt trauma to her face and anus that occurred prior to her death.

The Florida Supreme Court has upheld determinations that the especially heinous, atrocious, or cruel aggravating factor applies in cases involving strangulation, *see Stephens*, 975 So. 2d at 423, and has stated, "it is permissible to infer that strangulation, when perpetrated upon a conscious victim, involves foreknowledge of death, extreme anxiety and fear, and that this method of killing is one to which the factor of heinousness is applicable," *Tompkins v. State*, 502 So. 2d 415, 421 (Fla. 1986).  Thus, a rational jury would have found beyond a reasonable doubt that Plasencia's strangulation of Blastic, while she was conscious and struggling, was especially heinous, atrocious, or cruel.[2]  *See King*, 751 F.3d at 1279; *Dulcio*, 441 F.3d at 1277.

Because a reasonable court could conclude any *Blakely* error was harmless, the state court's decision denying Plasencia's *Blakely* claim was not contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, the

---

[2]  To the extent Plasencia challenges the other two grounds for departure noted in the state trial court's written order, we need not address them because the especially heinous, atrocious, or cruel factor supports the departure.  *See Maglio v. State*, 918 So. 2d 369, 377 (Fla 4th DCA 2005) ("[A] departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other factors found not to justify departure.").

district court did not err by denying Ground Two of Plasencia's § 2254 petition,

and we affirm.

**AFFIRMED.**