NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSE RAUL PLASENCIA,       )
                           )
          Appellant,       )
                           )
v.                         )       Case No. 2D14-1638
                           )
STATE OF FLORIDA,          )
                           )
          Appellee.        )
_____)

Opinion filed July 17, 2015.

Appeal from the Circuit Court for Lee
County; Edward J. Volz, Jr., Judge.

Jose Raul Plasencia, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John W. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

          Jose Raul Plasencia appeals an order summarily denying as successive

his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).

The order under review also directed Mr. Plasencia to show cause why he should not

be prohibited from filing any further pro se pleadings in the underlying case.  Thereafter,

the postconviction court entered an order denying Mr. Plasencia's motion for rehearing

and directing the clerk not to accept any additional pro se filings from Mr. Plasencia in his case. This court converted Mr. Plasencia's summary postconviction appeal to a plenary appeal because he also challenged the postconviction court's Spencer[1] order prohibiting further pro se attacks on his conviction and sentence as a sanction for repeated and frivolous motions.

Because the trial court imposed an upward departure sentence of thirty years' prison on Mr. Plasencia, which exceeded the applicable, maximum guidelines sentence of 260 months, based on factual findings that were not made by a jury, Mr. Plasencia's sentence is subject to challenge under the principles outlined in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Accordingly, we reverse the postconviction court's orders and remand for the postconviction court to reconsider Mr. Plasencia's motion on the merits, including the performance of a harmless error analysis, and if appropriate, to resentence Mr. Plasencia within the guidelines.

## I. THE PROCEDURAL HISTORY

Following a jury trial, Mr. Plasencia was convicted of second-degree murder, a first-degree felony punishable by life. See § 782.04(2), Fla. Stat. (1995). The date of the offense was February 25, 1996. In accordance with Heggs v. State, 759 So. 2d 620 (Fla. 2000), the trial court sentenced Mr. Plasencia under the 1994 Sentencing Guidelines, which provided a sentencing range of 156 months (13 years) to 260 months

---

[1]State v. Spencer, 751 So. 2d 47 (Fla. 1999).

- 2 -

(21.7 years).[2]  However, the trial court imposed a thirty-year prison sentence as an upward departure from the guidelines, finding that the murder was heinous, atrocious, or cruel; that the victim suffered extraordinary physical and emotional trauma; and that the victim's family suffered emotional trauma.[3]  Later, on Mr. Plasencia's motion to correct sentencing error that was filed by counsel, the postconviction court struck emotional trauma to the victim's family as a ground for the upward departure but sustained the thirty-year sentence.

On June 23, 2004, this court issued a per curiam affirmance of Mr. Plasencia's judgment and sentence.  Plasencia v. State, 902 So. 2d 805 (Fla. 2d DCA 2004) (table decision).  The next day, the United States Supreme Court issued its decision in Blakely, which held "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  542 U.S. at 303; see also Boardman v. State, 69 So. 3d 367, 369 (Fla. 2d DCA 2011) (noting same).  Mr. Plasencia timely filed a motion for rehearing in his direct appeal in which he argued that he was entitled to relief from his upward departure sentence under Blakely.

On September 9, 2004, this court issued an order noting that the State had filed a response to the motion stating that Mr. Plasencia's sentence under the

---

[2]Mr. Plasencia was charged with the 1996 crime on August 5, 1999, and convicted on April 12, 2002, after the Heggs decision issued.

[3]Although the thirty-year sentence was an upward departure from the guidelines sentence, it was less than the maximum statutory sentence of life imprisonment.  See § 782.04(2).  Section 775.082(3)(b), Florida Statutes (1994), provides that the maximum sentence for a first-degree felony shall be "a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment."

Florida Criminal Punishment Code was unaffected by Blakely. We pointed out that Mr. Plasencia had not, in fact, been sentenced under the Florida Criminal Punishment Code, which only applies to offenses committed after October 1, 1998. (As noted above, the date of Mr. Plasencia's offense was February 25, 1996.) Accordingly, we directed the State to file a further response to Mr. Plasencia's motion. The State filed an amended response, which, according to the State's brief in this proceeding, argued that the Blakely issue had not been properly raised in the motion for rehearing because it had not been raised in the initial brief and that the motion should be denied on the merits. We issued an order denying the motion for rehearing without discussion on February 18, 2005. To be frank, the current panel of this court is unable to determine whether the panel that was assigned to the direct appeal denied the motion for rehearing on procedural grounds or on the merits.

The record reflects that Mr. Plasencia filed six postconviction motions following the imposition of his judgment and sentence. The first two were filed by Mr. Plasencia's attorney before or during the appeal of his judgment and sentence. In those motions, Mr. Plasencia sought credit for time that he had served in Mexico before his conviction and the elimination of two of the grounds relied upon to impose the upward departure sentence. The postconviction court denied the request for jail credit and, as previously noted, struck one of the grounds for imposition of the upward departure but upheld the thirty-year sentence.

Mr. Plasencia filed a pro se Motion for Postconviction Relief on June 7, 2005, in which he argued that his sentence was illegal under Apprendi. Although Mr. Plasencia did not cite to Blakely in his motion, he argued that his maximum sentence

- 4 -

under Apprendi was the applicable sentencing guideline range and not the maximum sentence permitted for his offense under section 775.082, Florida Statutes (1994),[4] and that any fact that increased his sentence beyond the guideline range must be found by the jury.

The postconviction court treated this pro se motion as a rule 3.800(a) motion to correct illegal sentence and denied relief because the motion addressed an issue that should have been raised on direct appeal and because the court concluded that Apprendi did not apply to Mr. Plasencia's sentence, which was below the statutory maximum.  See Boardman, 69 So. 3d at 369 (observing that "the relevant inquiry in determining whether a sentence violates Apprendi is 'the statutory maximum applicable to the crime' and 'not the guidelines range applicable to the circumstances of a particular offense' " but noting that under Blakely, " 'the statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" (first quoting McCloud v. State, 803 So. 2d 821, 827 (Fla. 5th DCA 2001); then quoting Blakely, 542 U.S. at 303)).  On January 10, 2006, we dismissed as untimely Mr. Plasencia's appeal from the summary denial of his rule 3.800 motion.  Plasencia v. State, 922 So. 2d 208 (Fla. 2d DCA 2006) (table decision).

Mr. Plasencia filed another pro se motion to correct illegal sentence on February 16, 2006.  Once again, he argued that the trial court had erroneously denied

---

[4]Mr. Plasencia actually cited to the 2000 version of section 775.082, but the applicable statute would have been the 1994 version of the statute for his 1996 offense.  See Heggs, 759 So. 2d 620 (holding the 1995 amendments to the Florida Statutes under chapter 95-184, §§ 2-6, at 1678-98 to be unconstitutional as a result of a violation of the single subject rule).

him credit for time he served in Mexico. Although this motion may have been successive, the postconviction court denied the motion on the merits on August 29, 2006. On May 16, 2007, this court issued a per curiam affirmance of the order denying Mr. Plasencia's rule 3.800 motion. Plasencia v. State, 956 So. 2d 1191 (Fla. 2d DCA 2007) (table decision).

While the February 2006 motion to correct illegal sentence was pending, Mr. Plasencia filed a pro se Motion for Postconviction Relief with Incorporated Memorandum of Law on July 19, 2006, arguing, in part, that his trial counsel was ineffective for failing to argue at his sentencing hearing that his upward departure sentence was illegal under Apprendi. In the context of this claim, he argued that under the holding in Blakely, the relevant statutory maximum sentence under Apprendi is the maximum that the judge may impose without any additional findings. He also argued in a separate claim that the trial court committed fundamental error by imposing a sentence beyond the statutory maximum based on facts that were not determined by the jury.

The postconviction court summarily denied relief on the claim of ineffective assistance of counsel under Apprendi, stating that "for purposes of determining a constitutional violation under Apprendi, the relevant statutory maximum is found in [section] 775.082. See Arrowood v. State, 843 So. 2d 940 (Fla. 1st DCA 2003)." The postconviction court found that Mr. Plasencia had not been sentenced beyond the statutory maximum and so Apprendi did not apply. Thus counsel could not be deemed ineffective for failing to raise a meritless argument. The postconviction court also summarily denied relief on Mr. Plasencia's claim that the trial court committed

- 6 -

fundamental error by imposing an upward departure sentence in violation of <u>Apprendi</u>, concluding that there was no <u>Apprendi</u> violation. Following entry of a final order denying relief, we issued a per curiam affirmance of the order on April 7, 2010. <u>Plasencia v. State</u>, 32 So. 3d 631 (Fla. 2d DCA 2010) (table decision).

Mr. Plasencia filed another pro se Motion to Correct Illegal Sentence on November 8, 2007. For the third time, Mr. Plasencia sought credit for the time he served in Mexico. The postconviction court denied this motion as successive on December 11, 2007, and cautioned Mr. Plasencia as follows:

> Defendant is warned that if he persists in raising additional successive claims, he may be sanctioned by the Court. Such sanctions may include an order from this Court barring him from filing additional collateral attacks on his conviction sentence without obtaining the co-signature and endorsement by a person licensed to practice law in this state.

## II. THE CURRENT MOTION

On January 27, 2014, Mr. Plasencia filed his Motion to Correct Illegal Sentence, which was his fourth pro se postconviction motion and the motion that is the subject of the order before us for review. In this motion, Mr. Plasencia argued that his upward departure sentence of thirty years' prison, which exceeds his maximum guideline sentence of 260 months, was based upon factual findings not found by the jury and thus is illegal under <u>Apprendi</u> and <u>Blakely</u>.[5] Mr. Plasencia seeks resentencing within the guidelines range.

## III. THE POSTCONVICTION COURT'S RULING

---

[5]Mr. Plasencia's claim is cognizable in a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). <u>Plott v. State</u>, 148 So. 3d 90, 95 (Fla. 2014).

In its order, the postconviction court observed that even though Mr. Plasencia's appeal from the order denying his 2005 motion for postconviction relief (treated as a rule 3.800(a) motion) was dismissed as untimely, this court addressed Mr. Plasencia's arguments about his upward departure sentence in his appeal from the denial of his 2006 pro se motion for postconviction relief.[6] See Plasencia, 32 So. 3d 631. The postconviction court ruled that Mr. Plasencia's current motion was successive and failed to demonstrate any entitlement to relief; the court denied the motion as procedurally barred.

In addition, the postconviction court concluded that Mr. Plasencia's motion constituted an abuse of process. The postconviction court stated, "The current motion is frivolous and successive, as the arguments are without merit as a matter of law. As the majority of Defendant's other pro se motions have been either successive, untimely, or frivolous, the Court finds that Defendant has, and continues to, abuse the legal process." The postconviction court directed Mr. Plasencia to show cause why he should not be prohibited from filing any further pro se pleadings with the court by filing a pleading within thirty days of its order explaining why he was not abusing the legal process.

Mr. Plasencia responded on March 3, 2014, with a Motion for Rehearing/Notice of Compliance with Order to Show Cause Issued February 11, 2014, in which he reargued the merits of his Apprendi claim, asserted that the State had

_____

[6]As previously noted, Mr. Plasencia also raised his argument about his upward departure sentence under Blakely on his motion for rehearing on his direct appeal from his judgment and sentence; however, it is unclear whether we denied rehearing on procedural grounds or on the merits. See Plasencia v. State, 902 So. 2d 805 (Fla. 2d DCA 2004) (table decision).

admitted that Apprendi applied, and suggested that the postconviction court had incorrectly denied relief on his prior motion for postconviction relief asserting this claim. On March 13, 2014, the postconviction court entered an order denying the motion for rehearing and directing the clerk not to accept further pro se filings from Mr. Plasencia "that concern his conviction or sentence in Case No. 99-CF-002383." This appeal followed.

## IV. MR. PLASENCIA'S APPELLATE ARGUMENTS

In this appeal, Mr. Plasencia argues that the postconviction court's prior order denying his Apprendi claim on the merits was wrong and that his upward departure sentence is illegal under Apprendi and Blakely. He asserts that he should not be precluded from raising this issue again when the postconviction court's decision resulted from a misapplication of the law and the denial of relief would result in a manifest injustice. He further argues that the postconviction court erred in precluding him from filing further pro se pleadings in the underlying matter.

## V. DISCUSSION

### A. The Issue of Collateral Estoppel

As noted by the Florida Supreme Court, the phrase "at any time" in rule 3.800(a) permits defendants to file successive motions under the rule. State v. McBride, 848 So. 2d 287, 290 (Fla. 2003). However, the doctrine of collateral estoppel bars a defendant from relitigating the same issue in a successive rule 3.800 motion. Id. at 290-91. Thus "[a] defendant is collaterally estopped from bringing a successive rule 3.800(a) claim only where it has been raised previously and decided on the merits." Blackwell v. State, 65 So. 3d 1211, 1212 (Fla. 2d DCA 2011).

- 9 -

Here, Mr. Plasencia raised his Apprendi claim in his June 7, 2005, motion for postconviction relief under rule 3.850, which the postconviction court treated as a motion to correct illegal sentence under rule 3.800(a) and denied on the merits. Although the postconviction court found that Apprendi did not apply to Mr. Plasencia's sentence, it is not clear whether it considered the impact of Blakely on his claim. Because this court dismissed as untimely Mr. Plasencia's appeal of the order denying relief, we did not consider the merits of his claim.

In his July 19, 2006, pro se motion for postconviction relief, Mr. Plasencia argued that his trial counsel was ineffective for failing to raise Apprendi at his sentencing hearing. Although Mr. Plasencia argued that the holding of Blakely applied to determine the maximum sentence for Apprendi purposes, Blakely was not decided until after Mr. Plasencia's sentencing hearing. The postconviction court did not discuss Blakely in its order, but counsel could not be deemed ineffective for failing to argue a case that had not yet been decided. The postconviction court concluded that because Apprendi did not apply to Mr. Plasencia's upward departure sentence, his counsel could not be deemed ineffective for failing to raise an Apprendi argument. This court affirmed the denial of that claim on appeal. Mr. Plasencia also argued that the imposition of the departure sentence in violation of Apprendi constituted fundamental error. But the postconviction court found that Mr. Plasencia's sentence did not violate Apprendi, and this court affirmed the denial of relief under that argument.

As previously noted, Mr. Plasencia argued in the motion for rehearing filed in his direct appeal that the imposition of his departure sentence violated Apprendi and Blakely. In response, the State argued both that the issue was procedurally barred and

- 10 -

without merit; it is unclear whether this court reached the merits of Mr. Plasencia's argument based on the very recent Blakely decision.

In view of the foregoing, the State argues that Mr. Plasencia's claim of an illegal sentence in his current motion is barred by the doctrine of collateral estoppel because he has previously raised the argument that his upward departure sentence is illegal under Apprendi and Blakely in the postconviction court and in this court. However, upon our examination of the tortured history of Mr. Plasencia's various motions and court orders outlined above, we are not convinced that either the postconviction court or this court has ever fully addressed the merits of Mr. Plasencia's argument about the impact of Apprendi and Blakely on his upward departure sentence. For this reason, we cannot conclude that Mr. Plasencia's claim of an illegal sentence is barred by collateral estoppel. Cf. Shultz v. State, 136 So. 3d 1232, 1234 (Fla. 2d DCA 2014) (noting in a postconviction proceeding that the procedural history of the case was such as to raise a doubt about whether the doctrine of law of the case applied).

**B.  The Issue of Manifest Injustice**

Even if we could determine that the Blakely issue has been previously raised and fully litigated, the doctrine of collateral estoppel would not bar Mr. Plasencia's claim if its application would work a manifest injustice. See McBride, 848 So. 2d at 291-92. In that regard, the Fourth District has applied Apprendi and Blakely to find that the imposition of a sentence in excess of the sentencing guidelines range on the ground that the offense was heinous violates a defendant's rights under the Sixth Amendment in the absence of a jury finding of that fact or an admission by the defendant. Maglio v. State, 918 So. 2d 369, 376 (Fla. 4th DCA 2005); see also Donohue v. State, 925 So. 2d

- 11 -

1163, 1165 (Fla. 4th DCA 2006) (discussing Maglio).  We believe the same holds true for the imposition of a departure sentence on the ground that the victim suffered extraordinary physical and emotional trauma.  Accordingly, under the holding in Blakely, the trial court improperly imposed a sentence in excess of Mr. Plasencia's guideline sentence based upon its findings that the murder was heinous, atrocious, or cruel and that the victim suffered extraordinary physical and emotional trauma in the absence of jury findings about those facts or Mr. Plasencia's admission to those facts.

We further conclude that the holding in Blakely "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," 542 U.S. at 303, applies to Mr. Plasencia's case.  This is so because Mr. Plasencia's appeal from his judgment and sentence was in the "pipeline" when Blakely was decided.  See Behl v. State, 898 So. 2d 217, 222 (Fla. 2d DCA 2005); see also Barthel v. State, 882 So. 2d 1054, 1055 (Fla. 2d DCA 2004) (holding that where an appeal was in the "pipeline" when new controlling law was decided, the appellant was "entitled to the benefit of the controlling law . . . in effect at the time of appeal").  Mr. Plasencia's appeal was in the "pipeline" because the time had not expired for him to file a motion for rehearing and this court's mandate had not yet issued.  See Barthel, 882 So. 2d at 1054-55 (observing that the appeal was in the "pipeline" when our original opinion had issued but new controlling law became final before our mandate issued); Reed v. State, 565 So. 2d 708, 709 (Fla. 5th DCA 1990) ("A 'pipeline case' is one in which a conviction is not final by trial or appeal at the time a controlling decision is issued by the supreme court.  The appellate process is not completed until a mandate is issued." (citation

- 12 -

omitted)). Thus the propriety of Mr. Plasencia's sentence must be considered in light of the teaching of <u>Blakely</u>. <u>Cf.</u> <u>Burrows v. State</u>, 890 So. 2d 286, 287 (Fla. 2d DCA 2004) (holding that <u>Blakely</u> does not apply retroactively to sentences on collateral review that became final before <u>Blakely</u> issued).

Although Mr. Plasencia's thirty-year sentence is less than the statutory maximum sentence of life, the upward departure sentence imposed without regard to the requirements of <u>Apprendi</u> and <u>Blakely</u> had the effect of increasing Mr. Plasencia's sentence by about nine years. This court has previously held that the failure to award 267 additional days' jail credit on a ten-year sentence would result in a manifest injustice. <u>See</u> <u>Barnes v. State</u>, 74 So. 3d 1135, 1136 (Fla. 2d DCA 2011). It follows that to the extent that the imposition of the upward departure sentence on Mr. Plasencia is improper under <u>Blakely</u>, the addition of nine extra years to Mr. Plasencia's sentence constitutes a manifest injustice. Such a manifest injustice would preclude application of the doctrine of collateral estoppel to bar Mr. Plasencia's claim.[7]

## C. The Issue of Harmless Error

Surprisingly, neither of the parties addresses the impact of the harmless error rule on Mr. Plasencia's claim of an illegal sentence. However, an <u>Apprendi</u>/<u>Blakely</u> error is subject to a harmless error analysis. <u>See</u> <u>Galindez v. State</u>, 955 So. 2d 517, 521-23 (Fla. 2007); <u>Knight v. State</u>, 6 So. 3d 733, 735 (Fla. 2d DCA 2009). Thus, Mr.

---

[7]This court has frequently applied the manifest injustice rule to correct an illegal sentence where it appeared that the claim was successive. <u>See, e.g.</u>, <u>Haager v. State</u>, 36 So. 3d 883, 884 (Fla. 2d DCA 2010); <u>Bronk v. State</u>, 25 So. 3d 701, 702-03 (Fla. 2d DCA 2010); <u>Brinson v. State</u>, 995 So. 2d 1047, 1049 (Fla. 2d DCA 2008); <u>Stephens v. State</u>, 974 So. 2d 455, 457 (Fla. 2d DCA 2008); <u>Cillo v. State</u>, 913 So. 2d 1233, 1233 (Fla. 2d DCA 2005).

Plasencia will not be entitled to relief if a review of the record demonstrates that the Apprendi/Blakely violation was harmless. We express no opinion on this issue, which the postconviction court has not yet addressed. In any event, our record, which does not include the trial transcript, is insufficient to permit a harmless error analysis. Cf. Morrow v. State, 104 So. 3d 1226, 1226 (Fla. 1st DCA 2012) (noting that the appellate court was not able to review the postconviction court's determination that an Apprendi/Blakely violation was harmless where the record did not include the entire trial transcript).

We are aware that the Eleventh Circuit has recently affirmed the denial of Mr. Plasencia's federal habeas corpus petition. Plasencia v. Secretary, Fla. Dep't of Corrections, No. 13-13006, 2015 WL 1446830 (11th Cir. Apr. 1, 2015). In its opinion, the Eleventh Circuit held, in pertinent part, that "a reasonable court could conclude [that] any Blakely error [in Mr. Plasencia's case] was harmless." Id. at *5. Nevertheless, the postconviction court on remand must undertake an independent consideration of the harmless error issue. See Flagg v. State, 74 So. 3d 138, 140 n.2 (Fla. 1st DCA 2011) (citing State v. Dwyer, 332 So. 2d 333, 335 (Fla. 1976)).

## VI. CONCLUSION

To summarize, we are unable to conclude that Mr. Plasencia's claim is barred by the doctrine of collateral estoppel. Even if Mr. Plasencia's Apprendi/Blakely claim has been fully litigated, we hold that an improper, upward departure sentence adding an additional nine years to Mr. Plasencia's sentence constitutes a manifest injustice, which would preclude application of collateral estoppel to bar Mr. Plasencia's claim. Accordingly, we reverse the order denying Mr. Plasencia's claim and remand for

- 14 -

further proceedings consistent with this opinion.  On remand, the postconviction court shall reconsider Mr. Plasencia's claim on the merits, including the performance of a harmless error analysis.  If appropriate, the postconviction court shall resentence Mr. Plasencia within the guidelines.  We also reverse the order that precludes Mr. Plasencia from filing further pro se pleadings in the underlying matter.

Reversed and remanded for further proceedings consistent with this opinion.


CRENSHAW and LUCAS, JJ., Concur.