# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-2993
_____

TERRY MAURICE NEWKIRK, JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

August 6, 2025


PER CURIAM.

Terry Newkirk appeals an order denying his postconviction motion filed under Florida Rule of Criminal Procedure 3.800(a). Newkirk sought to collaterally attack his two life sentences imposed after a 2017 jury trial for his convictions for two counts of first-degree premeditated murder with a weapon. He argued that his sentences were (1) improperly reclassified and enhanced and (2) illegal because the information was defective. Finding no error by the trial court, we affirm.

Newkirk first alleged that his sentence was illegal because the jury did not find that he actually possessed a firearm. The trial court found this claim was procedurally barred because the court had previously entered two orders denying postconviction motions

where Newkirk alleged that his sentences were improperly enhanced. The trial court did not err by denying this claim as procedurally barred. *See Holton v. State*, 51 So. 3d 1164, 1165 (Fla. 1st DCA 2010) (holding that a defendant is not entitled to review of an issue that has already been decided on the merits).

Newkirk also argued that his sentences were illegal because the information was defective. The trial court correctly concluded that this claim is not cognizable under rule 3.800(a). *See Martinez v. State*, 211 So. 3d 989, 992 (Fla. 2017). And even if Newkirk's motion were construed under Florida Rule of Criminal Procedure 3.850, the trial court did not err in denying relief. Newkirk's motion was untimely, as more than two years have passed since his judgment and sentence became final. *See Newkirk v. State*, 250 So. 3d 625 (Fla. 1st DCA 2018).

We also write to warn Newkirk against future frivolous filings. Newkirk has filed three postconviction motions in the trial court. Appeals from the first two were dismissed. *Newkirk v. State*, Case No. 1D2022-2707; *Newkirk v. State*, Case No. 1D2024-0162. Newkirk also filed a petition for belated appeal, which this court dismissed. *Newkirk v. State*, Case No. 1D2020-2207 (dismissing for Newkirk's failure to comply with order requiring him to file an amended petition).

Because we find this appeal to be frivolous, we direct the clerk to forward a certified copy of this opinion to the Department of Corrections for potential disciplinary action against Newkirk. *See* § 944.279, Fla. Stat.; *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015). And we caution Newkirk that filing of any additional frivolous or repetitive appeals may result in the imposition of sanctions, including a prohibition against any future pro se filings in this court. *See State v. Spencer*, 751 So. 2d 47, 49 (Fla. 1999) (holding that a court may deny a petitioner's pro se access to that court, after the petitioner fails to show cause pursuant to a show cause order, when the petitioner has filed repetitious and frivolous pleadings that diminish the court's ability to devote its finite resources to legitimate claims); *Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply

to give prisoners something to do while they serve their sentences.").

AFFIRMED.

OSTERHAUS, C.J., and ROWE and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Terry M. Newkirk, pro se, Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.