VILLANTI, Judge.
 

 Ian Manuel appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In that motion, he raised only a single issue — that his two sentences of life in prison without the possibility of parole constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution because he was a juvenile when he committed the nonhomicide offenses at issue. The post-conviction court properly denied Mr. Manuel’s motion based on the law in effect when it made its ruling. However, while this case was pending on appeal, the United States Supreme Court granted certiora-ri to review
 
 Graham v. State,
 
 982 So.2d 43 (Fla. 1st DCA 2008).
 
 See Graham v. Florida,
 
 — U.S. —, 129 S.Ct. 2157, 173 L.Ed.2d 1155 (2009). Like here, the sole issue in that case was whether a sentence of life without the possibility of parole imposed on a juvenile offender for a non-homicide crime constituted cruel and unusual punishment under the Eighth Amendment. We stayed review of Mr. Manuel’s case pending the Supreme Court’s decision in
 
 Graham,
 
 and now based on the decision in
 
 Graham v. Florida,
 
 — U.S. —, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010),
 
 [1]
 
 we must vacate Mr. Manuel’s sentences and remand for resen-tencing.
 

 The record in this case is somewhat limited. However, it does reveal that Mr. Manuel was charged with one count of robbery with a firearm, one count of attempted robbery with a firearm, and two counts of attempted first-degree murder
 
 *96
 
 with a firearm for events that occurred on July 27, 1990. Mr. Manuel pleaded guilty as charged to these offenses in an open plea to the court. When he committed these offenses, Mr. Manuel was only thirteen years old.
 

 Mr. Manuel’s robbery with a firearm conviction was a first-degree felony punishable by life,
 
 see
 
 § 812.13(2)(a), Fla. Stat. (1989), which subjected Mr. Manuel to sentencing for “a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment,” § 775.082(3)(b), Fla. Stat. (1989). The trial court chose to sentence Mr. Manuel to a term of “natural life” for this offense.
 

 Mr. Manuel’s two attempted murder convictions were each life felonies.
 
 See
 
 §§ 775.087(l)(a), 777.04(4)(a), Fla. Stat. (1989); § 782.04(l)(a), Fla. Stat. (Supp. 1990). These life felonies were punishable by “a term of imprisonment for life or by a term of imprisonment not exceeding 40 years.” § 775.082(3)(a). On the first attempted murder conviction, the trial court sentenced Mr. Manuel to a term of “natural life.” On the second attempted murder conviction, the trial court sentenced Mr. Manuel to a concurrent term of forty years in prison.
 
 [2]
 

 Under the sentencing guidelines in effect at the time Mr. Manuel committed his crimes, a sentence of “natural life” rendered Mr. Manuel ineligible for parole.
 
 See Wemett v. State,
 
 567 So.2d 882, 884 (Fla.1990);
 
 Dolan v. State,
 
 618 So.2d 271, 272 (Fla. 2d DCA 1993) (noting that defendants convicted of a noncapital felony committed on or after October 1, 1983, are subject to “true life sentences” without eligibility for parole);
 
 Saint-Fleur v. State,
 
 840 So.2d 261, 262 (Fla. 3d DCA 2002) (noting that sentence of natural life under the same sentencing guidelines under which Mr. Manuel was sentenced “is for a term of natural life without the possibility of parole”). In addition, Mr. Manuel was not eligible for either gain time or conditional release.
 
 See
 
 §§ 921.001(11), 944.275(2)(a), 947.1405, Fla. Stat. (1989). Accordingly, Mr. Manuel’s two sentences of “natural life” were, in fact, just that.
 

 In his current motion for postconviction relief, Mr. Manuel relied on the Supreme Court’s decision in
 
 Roper v. Simmons,
 
 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), to argue that his sentences of life in prison with no possibility of parole were in violation of the Eighth Amendment. In
 
 Roper,
 
 the Supreme Court held that death sentences imposed on juvenile offenders were prohibited by the Eighth Amendment.
 
 Id.
 
 at 568, 125 S.Ct. 1183. Mr. Manuel argued that his sentence of life without the possibility of parole, which he termed a “death in prison” sentence, was unconstitutional under the reasoning, if not the holding, of
 
 Roper.
 
 Mr. Manuel also contended that
 
 Roper
 
 constituted a fundamental shift in constitutional law that rendered his rule 3.850 motion timely since his motion was filed within two years of the
 
 Roper
 
 decision. The problem with this argument is that the
 
 Roper
 
 decision, on its facts, did not apply to Mr. Manuel because Mr. Manuel was not sentenced to death. Thus, the postconviction court correctly denied Mr. Manuel relief under the law in effect at the time of that court’s ruling.
 

 However, while Mr. Manuel’s appeal of that ruling was pending, the Supreme Court granted review in
 
 Graham.
 
 In
 
 Graham,
 
 the Supreme Court directly
 
 *97
 
 addressed the constitutionality of imposing a life-without-parole sentence on a juvenile who commits a nonhomicide offense. After a thorough review of state practice throughout the United States and an analysis of the purposes of imprisonment, the Supreme Court held that “for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole.”
 
 Graham,
 
 130 S.Ct. at 2080. In thereby extending the reasoning of the
 
 Roper
 
 decision to juveniles sentenced to life in prison without the possibility of parole for nonhomicide offenses, the Court stated,
 

 This clear line is necessary to prevent the possibility that life without parole sentences will be imposed on juvenile nonhomicide offenders who are not sufficiently culpable to merit that punishment. Because “[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood,” those who were below that age when the offense was committed may not be sentenced to life without parole for a nonhomicide crime.
 

 Id.
 
 (quoting
 
 Roper,
 
 543 U.S. at 574, 125 S.Ct. 1183). In so holding, the
 
 Graham
 
 Court extended the “death is different” rationale to a discrete subset of noncapital crimes, i.e., “life without parole for juvenile nonhomicide offenders is different,” and the Court established a bright-line rule excluding life-without-parole sentences for juveniles who commit nonhomicide offenses, regardless of how heinous the underlying crime. Accordingly, in keeping with this new bright-line rule, Mr. Manuel’s sentences of “natural life” are unconstitutional as a violation of the Eighth Amendment to the United States Constitution because those sentences do not allow for the possibility of parole.
 

 In its supplemental briefing, the State contends that
 
 Graham
 
 does not apply to Mr. Manuel because his convictions for attempted murder should be considered homicide offenses, not nonhomicide offenses. We disagree. The Florida Supreme Court has stated that under the definition of homicide, “[i]t is necessary for the act to result in the death of a human being.”
 
 Tipton v. State,
 
 97 So.2d 277, 281 (Fla.1957). And as the
 
 Graham
 
 Court explained, “ ‘[l]ife is over for the victim of the murderer,’ but for the victim of even a very serious nonhomicide crime, ‘life ... is not over and normally is not beyond repair.’ ”
 
 Graham,
 
 130 S.Ct. at 2027 (quoting
 
 Coker v. Georgia,
 
 433 U.S. 584, 598, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) (plurality opinion)). The
 
 Coker
 
 decision, relied upon in
 
 Graham,
 
 also stated that while other very serious crimes may be “deserving of serious punishment; ... in terms of moral depravity and of the injury to the person and to the public, [they do] not compare with murder, which does involve the unjustified taking of human life.” 433 U.S. at 598, 97 S.Ct. 2861 (plurality opinion). Hence, simple logic dictates that attempted murder is a nonhomicide offense because death, by definition, has not occurred.
 

 We do not discount the seriousness of the offenses committed by Mr. Manuel. However, his actions did not result in the death of a human being. Thus, we are compelled to conclude that Mr. Manuel’s attempted murder conviction is a “nonho-micide” offense under both
 
 Tipton
 
 and
 
 Graham.
 
 Accordingly,
 
 Graham’s
 
 holding forbidding a sentence of life without parole for a juvenile nonhomicide offender applies to Mr. Manuel and requires us to vacate his life-without-parole sentences.
 

 For these reasons, we vacate Mr. Manuel’s sentences of natural life for his conviction for robbery with a firearm and attempted first-degree murder with a firearm pursuant to
 
 Graham,
 
 and we re
 
 *98
 
 mand for resentencing as to those two convictions.
 
 [3]
 
 On remand, the trial court may resentence Mr. Manuel to any
 
 legal
 
 sentence available to it at the time of the commission of Mr. Manuel’s offenses.
 
 [4]
 

 Sentences vacated and remanded for further proceedings in accordance with this opinion.
 

 ALTENBERND and KHOUZAM, JJ., Concur.
 

 [1]
 

 . We requested supplemental briefing from the parties on the effect of the
 
 Graham
 
 decision on Mr. Manuel’s sentences. We commend counsel for both parties for their excellent presentations.
 

 [2]
 

 .
 
 The attempted robbery with a firearm conviction was a second-degree felony punishable by up to fifteen years in prison. Mr. Manuel has fully served this sentence and did not challenge it in his postconviction motion.
 

 [3]
 

 . We note that Mr. Manuel’s sentence of forty years in prison on the second conviction for attempted murder with a firearm is unaffected by the
 
 Graham
 
 decision.
 
 Graham
 
 held only that sentences of life without the possibility of parole imposed on juveniles for non-homicide offenses are unconstitutional — not that lengthy prison sentences imposed on juveniles for a term of years less than life are unconstitutional.
 
 Graham,
 
 130 S.Ct. at 2030 (noting that the Eighth Amendment does not "foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life”). Therefore, Mr. Manuel is not entitled to be resentenced on the attempted murder conviction that currently carries a sentence of a term of forty years.
 

 [4]
 

 . Although Mr. Manuel’s sentencing guidelines scoresheet is not in the record, it is possible that his scoresheet carried a recommended sentence of life due to the seriousness of his offenses. How the trial court is to handle that issue, and whether
 
 Graham
 
 effectively creates a valid basis for a downward departure sentence, are not questions we must resolve today.