PER CURIAM.
The appellant seeks review of an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because we agree with the appellant that his two life sentences are illegal, we reverse.
On July 29, 2004, the appellant pled guilty to the charges of attempted second-degree murder and robbery with a firearm. The appellant was seventeen years old, a juvenile, when he committed the offenses. He was sentenced to life imprisonment without the possibility of parole for both offenses.
In 2010, the United States Supreme Court held that the imposition of a life-without-parole sentence on a juvenile offender who did not commit homicide violates the Eighth Amendment’s prohibitions against cruel and unusual punishment. Graham v. Florida, — U.S. -, -, 130 S.Ct. 2011, 2034, 176 L.Ed.2d 825 (2010). The Court further stated that “[a] state need not guarantee the offender eventual release, but if it imposes a sentence of life, it must provide him or her with some realistic opportunity to obtain release before the end of that term. Id. Since Florida has abolished its parole system, see § 921.002(l)(e) Fla. Stat. (2003), the appellant — a juvenile offender sentenced to life — “has no possibility of release unless he is granted executive clemency.” Graham, 130 S.Ct. at 2020. We conclude the appellant is entitled to relief under Graham.
In doing so, we reject the state’s assertion that an attempted homicide should be treated as an actual homicide under Graham, finding the reasoning in Manuel v. State, 48 So.3d 94 (Fla. 2d DCA 2010), to be persuasive. In Manuel, the defendant pled guilty to, among other offenses, two counts of attempted first-degree murder, and received a life sentence on one count concurrent to forty years’ imprisonment on the second. Id. at 95-96. In keeping with Graham’s new bright-line rule, the court found the defendant’s life sentence was unconstitutional, reasoning:
The Florida Supreme Court has stated that under the definition of homicide, “it *504 is necessary for the act to result in the death of a human being.” Tipton v. State, 97 So.2d 277, 281 (Fla.1957). And as the Graham Court explained, “ ‘[l]ife is over for the victim of the murderer,’ but for the victim of even a very serious nonhomicide crime, ‘life ... is not over and normally is not beyond repair.’ ” Graham, 130 S.Ct. at 2027 (quoting Coker v. Georgia, 433 U.S. 584, 598, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977)).... Hence, simple logic dictates that attempted murder is a nonhomicide offense because death, by definition, has not occurred.
Manuel, 48 So.3d at 97.
We agree with this reasoning, and therefore hold that the appellant’s life sentence for attempted second-degree murder is unconstitutional under Graham. The appellant’s concurrent life sentence for robbery with a firearm is likewise illegal.
Accordingly, we reverse and remand to the trial court for vacation of the appellant’s sentence and resentencing in accordance with the Supreme Court’s holding in Graham.
REVERSED and REMANDED.
WEBSTER, VAN NORTWICK, and LEWIS, JJ., concur.