STEVENSON, J.
 

 Milagro Cunningham was tried by jury and convicted of attempted second-degree murder, a lesser-included offense of the charged attempted first-degree murder (count I); kidnapping a child under thirteen years of age (count II); three counts of sexual battery on a child under twelve years of age (counts III, IV and V); and aggravated child abuse (count VI). In rendering its guilty verdict, the jury rejected the defendant’s insanity defense. Following his conviction, the defendant was sentenced to fifteen years for count I, to life for counts II, III, IV, and V, and to thirty years for count VI.
 

 The defendant raises five issues on appeal directed to his conviction: an evi-dentiary ruling concerning the defendant’s neuropsychologist; the denial of his motion to suppress statements to police; improper comments by the prosecutor during closing arguments; the trial court’s refusal to permit defense counsel to make the final argument to the jury; and the giving of the standard jury instruction for the lesser-included offense of attempted manslaughter in light of
 
 Montgomery v. State,
 
 70 So.3d 603 (Fla. 1st DCA 2009),
 
 aff'd,
 
 39 So.3d 252 (Fla.2010). We affirm as to each of these issues and write briefly to address the
 
 Montgomery
 
 issue. In
 
 Montgomery,
 
 the First District held intent to kill is not an element of manslaughter and, where the defendant was convicted of second-degree murder, it was fundamental error to instruct the jury, in accordance with the then-standard manslaughter instruction, that the State was required to prove the defendant “intentionally caused [the victim’s] death.” 70 So.3d at 607. The rationale is that the instruction would be understood by the average juror to require the defendant to have the intent to kill the victim. These holdings were affirmed by our supreme court.
 
 See Montgomery,
 
 39 So.3d at 257. In
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 review granted,
 
 64 So.3d 1262 (Fla.2011), this court refused to extend
 
 Montgomery
 
 to the circumstance where the defendant was charged with attempted first-degree murder, but convicted of attempted second-degree murder, and the jury was given the standard instruction for attempted manslaughter.
 
 See also Fenster v. State,
 
 61 So.3d 465 (Fla. 4th DCA 2011);
 
 Sessions v. State,
 
 59 So.3d 1208 (Fla. 4th DCA 2011);
 
 Mansfield v. State,
 
 41 So.3d 410 (Fla. 4th DCA 2010). In light of
 
 Williams,
 
 we affirm as to the issue raised, but note that there is a conflict among of the district courts of appeal and that
 
 Williams
 
 is currently on review in the supreme court.
 
 See Williams,
 
 64 So.3d at 1262.
 

 The defendant also challenges his sentences, arguing that the trial court im-permissibly considered premeditation, conduct for which he was acquitted by virtue of the conviction for the lesser offense of attempted second-degree murder, and that the life sentences imposed for counts II, III, IV and V must be reversed in light of
 
 Graham v. Florida,
 
 — U.S. —, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). We reject the first of these claims, but find merit in the
 
 Graham
 
 argument. In
 
 Graham,
 
 the Supreme Court held that “[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.” 130 S.Ct. at 2034. The defendant was seventeen years old at the time of the commission of his crimes and, despite the State’s argument to the contrary, he did not commit a homicide.
 
 See McCullum v. State,
 
 60 So.3d 502, 503-04 (Fla. 1st DCA)
 
 *570
 
 (finding attempted second-degree murder is a nonhomicide offense under
 
 Graham), review denied,
 
 67 So.3d 1050 (Fla.2011);
 
 Manuel v. State,
 
 48 So.3d 94, 97 (Fla. 2d DCA 2010) (explaining that, for the purposes of
 
 Graham,
 
 “simple logic dictates that attempted murder is a nonhomicide offense because death, by definition, has not occurred”),
 
 review denied,
 
 63 So.3d 750 (Fla.2011). We agree with the reasoning in both
 
 McCullum
 
 and
 
 Manuel.
 
 Accordingly, the life sentences imposed for counts II, III, IV and V are reversed, and we remand for resentencing.
 

 Affirmed in Part; Reversed in
 
 Part;
 
 and Remanded.
 

 MAY, C.J., and CIKLIN, J., concur.