GROSS, J.
Petitioner, a juvenile, is charged with attempted first degree premeditated murder with a deadly weapon, a life felony. In this petition for writ of habeas corpus, he contends that Graham v. Florida, - U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), entitles him to bond as a matter of right. We reject this argument and deny the petition.
In Graham, the Supreme Court held that the “Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.” 130 S.Ct. at 2034. The Florida legislature has not enacted a parole system that would satisfy Graham by allowing juvenile defendants sentenced to life in prison a chance to be released. Therefore, life sentences for such juveniles are now subject to reversal based on Graham. See, e.g., Cunningham v. State, 74 So.3d 568 (Fla. 4th DCA 2011); Garland v. State, 70 So.3d 609 (Fla. 1st DCA 2010).
Graham, however, does not impact petitioner’s bond because the language of Article I, Section 14 of the Florida Constitution focuses on the classification of the offense to determine entitlement to pretrial release, and not the potential severity of punishment.
We adopt the well-reasoned analysis of Circuit Judge David Haimes in his July 2, 2010 order denying petitioner’s motion to set bond:
Article I, section 14, of the Florida Constitution, Pretrial Release and Detention, provides as follows:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
Id. (emphasis added); see also Fla.R.Crim. P. 3.131(a). Here, the defendant is charged with Attempted Murder in the First Degree (Premeditated) with the use of a deadly weapon. Under Florida Statutes, Sections 782.04(l)(a), 777.04(b), and 775.087(l)(a), the offense charged is a “life felony.”
Based upon the ... reading of the plain language contained in Article I, section 14, of the Florida Constitution and Rule 3.131 of the Florida Rules of Criminal Procedure, the Court finds that the offense of Attempted Murder in the First Degree (Premeditated) with the use of a deadly weapon is clearly an “offense punishable by life imprisonment.”
Graham ... does not change the statute with respect to the defendant’s right to bond in the present case. The specific holding in Graham is as follows:
The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term. The judgment of the First District Court of Appeal of Florida affirming Graham’s conviction is reversed, and the case is remanded for further pro *1055 ceedings not inconsistent with this opinion.
Graham, 130 S.Ct. at 2034 (emphasis added). Even though [the circuit court] could not impose a life sentence without the possibility of parole in the present case, based upon the Graham opinion and the Eight [sic] Amendment, this restriction does not change the classification of the offense charged as a life felony. Therefore, the offense of Attempted Murder in the First Degree (Premeditated) with the use of a deadly weapon remains an “offense punishable by life imprisonment” [within the meaning of Article I, section 14 of the Florida Constitution].
(Footnotes omitted).
We also agree with the trial court’s conclusion that its “classification” approach is supported by Batie v. State, 534 So.2d 694 (Fla.1988) (holding that a person convicted of capital sexual battery was ineligible for postconviction bond, though the offense no longer was punishable by death, considering statutes and rules for legislative and judicial intent at time of enactment to determine other consequences of a crime); State v. Hogan, 451 So.2d 844, 845 (Fla. 1984) (“The degree of the crime is what the legislature says it is, and, just because a portion of a crime designated ‘capital’ cannot be carried out, the degree is not lessened, at least not for the purposes of setting penalties for ‘attempt’ crimes.”); and Florida Parole Commission v. Criner, 642 So.2d 51 (Fla. 1st DCA 1994) (holding that parole commission properly treated defendant’s crime of rape as capital felony for purposes of calculating defendant’s parole release). In other words, sentencing, the focus of Graham, and entitlement to pretrial release are two different issues.
It must be noted that Graham did not purport to change this state’s classification of attempted first degree murder with a deadly weapon as a life felony, nor did it actually even prohibit the imposition of a life sentence on a juvenile who is convicted of a non-homicide crime; it prohibited only the imposition of a life sentence without any “realistic opportunity to obtain release” before the end of the life term. 130 S.Ct. at 2034. Thus, were the legislature to enact a parole system for juveniles who have been sentenced to life for non-homicide offenses, this issue would not even arise.
Furthermore, during the time when the sentencing guidelines were in effect, a life sentence actually was not a realistic prospect for many defendants who were charged with offenses punishable by life in prison. If their points generated a sentencing range of a term of years, they could not be sentenced to life unless reasons for an upward departure from the guidelines could be demonstrated. See Fla. R.Crim. P. 3.701(d)(12), 3.702(d)(18), 3.703(d)(30). Nevertheless, such defendants simply had no right to bond as a matter of law unless the state could not meet the standard of State v. Arthur, 390 So.2d 717 (Fla.1980).
HAZOURI, J., concurs.
POLEN, J., concurs specially with opinion.