PER CURIAM.
Defendant was tried by a jury and convicted of attempted first-degree murder with a firearm (count one); attempted second-degree murder with a firearm (count two); and shooting into an occupied vehicle (counts three and four). On February 3, 2006, he was sentenced to life imprisonment in count one and fifteen years each in counts two, three, and four, running concurrently. The judgment and sentences were affirmed on direct appeal.
On September 27, 2010, Defendant filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that his life sentence in count one violated his constitutional rights in light of Graham v. Florida, - U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), because he was under the age of eighteen at the time of the offense. The trial court denied the motion on grounds that it was untimely filed under rule 3.850. Defendant’s motion for rehearing was also denied.
In his initial brief, Defendant reasserted the right to relief under Graham. He claimed that Graham, which was decided on May 17, 2010, created a new fundamental constitutional right that was not established within the period for seeking postconviction relief, which excepts the claim from the two-year deadline under the rule. See Fla. R.Crim. P. 3.850(b)(2). We agree with Defendant’s position.
In Graham, the Court held that “[t]he constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.” 130 S.Ct. at 2034. The record in this case reveals that the conviction for attempted first-degree murder stems from events that occurred on June 7, 2003. Defendant was seventeen years old at that time. The Florida legislature has not enacted a parole system that would satisfy Graham by allowing a juvenile defendant sentenced to life in prison a chance to be released. See Treacy v. Lamberti, 80 So.3d 1053 (Fla. 4th DCA 2012). Therefore, Defendant’s life sentence for a non-homicide offense, committed while he was a minor, constitutes a constitutional violation pursuant to Graham. See Cunningham v. State, 74 So.3d 568 (Fla. 4th DCA 2011); Manuel v. State, 48 So.3d 94 (Fla. 2d DCA 2010).
In Kleppinger v. State, 81 So.3d 547 (Fla. 2d DCA 2012), the Second District found that Graham should be applied retroactively. See also Geter v. State, - So.3d - (Fla. 3d DCA 2012); In re Sparks, 657 F.3d 258, 260 (5th Cir.2011) (“Graham has been made retroactive to cases on collateral review by the Supreme Court.”). As a result, the trial court could have considered Defendant’s rule 3.850 motion under section (b)(2), which provides an exception to the two-year filing deadline when a claim alleges that the fundamental constitutional right asserted was not established within the period provided, has been held to apply retroactively, and is made within two years of the date of the mandate of the decision announcing retroactivity. Alternatively, the trial court could have considered the claim under Florida Rule of Criminal Procedure 3.800(a), which entitles a defendant to seek relief from an illegal sentence and can be filed at any *555 time. In its response to this Court, the State agrees that Defendant’s motion was improperly deemed to be untimely and that he is entitled to resentencing.
Based on these reasons, we reverse the trial court’s ruling on Defendant’s postcon-vietion motion and vacate the life sentence imposed in count one for attempted first-degree murder with a firearm, pursuant to Graham. We remand for resentencing in that count only, with a new sentence that comports with Graham.

Reversed and remanded for resentenc-ing in accordance with this opinion.

DAMOORGIAN, CIKLIN and LEVINE, JJ., concur.