PER CURIAM.
The court finds no reversible error on either of the issues raised in this direct appeal of a judgment and sentence for attempted second-degree murder. We note that, based on his own calculations, appellant’s mandatory minimum sentence of imprisonment for forty-five years does not result in a sentence that exceeds this juvenile’s life expectancy. Therefore, appellant’s sentence is not a de facto life sentence in violation of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). See Adams v. State, — So.3d - (Fla. 1st DCA 2012) (“... a de facto life sentence is one that exceeds the defendant’s life expectancy.”); see also Thomas v. State, 78 So.3d 644, 646 (Fla. 1st DCA 2011) (“As found by the trial court, Appellant would be in his late sixties when he is released from prison if he was required to serve the entirety of his sentence. Thus, Appellant’s sentence is not equivalent to life imprisonment without the possibility of parole.”).
AFFIRMED.
LEWIS, C.J., WOLF and MAKAR, JJ„ concur.