NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CURTIS WILLIAMS,                         )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No. 2D15-2430
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed February 26, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Susan B. Maulucci,
Judge.

Curtis Williams, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

            Curtis Williams appeals the summary denial of his third motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  In his

motion, as in at least one prior postconviction motion, Williams argued that his fifty-year

sentence with a twenty-year minimum mandatory constitutes a de facto life sentence and violates Graham v. Florida, 560 U.S. 48 (2010), pursuant to the Florida Supreme Court's holdings in Gridine v. State, 175 So. 3d 672 (Fla. 2015), and Henry v. State, 175 So. 3d 675 (Fla. 2015).

Williams was convicted of armed kidnapping of a minor under the age of thirteen, a life felony; attempted robbery with a firearm; and aggravated assault with a firearm. He was seventeen when he committed these crimes. The trial court sentenced Williams to fifty years' imprisonment with a twenty-year minimum mandatory for the kidnapping conviction and to twenty years' imprisonment for the other convictions, with all terms to run concurrently. Williams' direct appeal was unsuccessful, Williams v. State, 75 So. 3d 1264 (Fla. 2d DCA 2011) (table decision), as were his appeals of the denials of his two prior rule 3.850 motions and his rule 3.800 motion, see Williams v. State, 151 So. 3d 1253 (Fla. 2d DCA 2014) (table decision); Williams v. State, 124 So. 3d 929 (Fla. 2d DCA 2013) (table decision); Williams v. State, 108 So. 3d 1098 (Fla. 2d DCA 2013) (table decision).

In the current motion, Williams claimed his fifty-year sentence with a twenty-year mandatory minimum term violates Graham, as applied in Henry, because it constitutes a de facto life sentence. In Henry, the Florida Supreme Court concluded "that Graham prohibits the state trial courts from sentencing juvenile nonhomicide offenders to prison terms that ensure these offenders will be imprisoned without obtaining a meaningful opportunity to obtain future early release during their natural lives based on their demonstrated maturity and rehabilitation." 175 So. 3d at 680. Further, "the specific sentence that a juvenile nonhomicide offender receives for

committing a given offense is not dispositive" of the issue; "the Graham Court had no intention of limiting its new categorical rule to sentences denominated under the exclusive term of 'life in prison.' " Id. In his motion, Williams requested resentencing in accordance with Henry and Gridine. Specifically, he sought resentencing under chapter 2014-220, Laws of Florida, codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014). These statutory provisions afford judicial review of a juvenile nonhomicide offender's sentence after twenty years.

Our review of this issue is de novo. Clough v. State, 136 So. 3d 680, 681 (Fla. 2d DCA 2014) (reviewing de novo "a trial court's legal conclusions made in ruling on [a] postconviction motion" (citing Nelson v. State, 43 So. 3d 20, 28 (Fla. 2010))); see Correll v. State, 40 Fla. L. Weekly S531 (Fla. Oct. 2, 2015) (employing the de novo standard of review with constitutional issues in a postconviction proceeding).

Initially, we note that the postconviction court found Williams' motion untimely under rule 3.850. Implicit in the timeliness consideration is whether the Henry decision applies retroactively. The Florida Supreme Court has held that Miller v. Alabama, 132 S. Ct. 2455 (2012), applies retroactively to those offenders whose convictions and sentences were final at the time Miller was decided. Falcon v. State, 162 So. 3d 954, 962 (Fla. 2015). As such, "[u]nder Florida Rule of Criminal Procedure 3.850(b)(2), any affected juvenile offender shall have two years from the time the mandate issue[d]" in Falcon to file a motion for postconviction relief seeking correction of his sentence pursuant to Miller. See Falcon, 162 So. 3d at 964. And although this is a Graham case and not a Miller case, this court and others have determined that Graham applies retroactively. See, e.g., Kleppinger v. State, 81 So. 3d 547, 549-50

- 3 -

(Fla. 2d DCA 2012); St. Val v. State, 107 So. 3d 553, 554-55 (Fla. 4th DCA 2013). We see no material distinction between the Graham and Miller cases in terms of the analysis required for retroactivity. See generally Falcon, 162 So. 3d at 960-61. Thus, Henry's application of Graham to lengthy term of years sentences should also be given retroactive application. Moreover, the contention that a sentence violates Graham and is unconstitutional and illegal is reviewable by rule 3.800(a). St. Val, 107 So. 3d at 554-55.

Although not expressly stated, the postconviction court appears to have reviewed Williams' motion pursuant to rule 3.800(a) because it reached the merits of Williams' claim despite determining that it was untimely under rule 3.850. The postconviction court found that Williams' fifty-year sentence is not an unconstitutional de facto life sentence.

Williams was seventeen years old when he committed the crimes and nineteen when he was sentenced. He received 417 days of jail credit for time served prior to his sentencing. Even if Williams is required to serve every day of his fifty-year sentence, he would be released from prison at age sixty-eight. Williams will be afforded the opportunity for release, based on demonstrated maturity and rehabilitation, during his natural life. See Thomas v. State, 78 So. 3d 644, 646 (Fla. 1st DCA 2011) ("As found by the trial court, Appellant would be in his late sixties when he is released from prison if he was required to serve the entirety of his sentence. Thus, Appellant's sentence is not equivalent to life imprisonment without the possibility of parole."). Moreover, although Williams will be required to serve every day of the twenty-year minimum-mandatory term of his kidnapping sentence, he will be eligible for gain time as

- 4 -

determined by the Department of Corrections.  See §§ 944.275; 775.087(2)(b), Fla. Stat. (2009).  Williams' sentence is not the functional equivalent of a life sentence; it is constitutional.  See Austin v. State, 127 So. 3d 1286, 1287 (Fla. 1st DCA 2013) (concluding that a forty-five year sentence with a forty-five year minimum mandatory is not a de facto life sentence); Thomas, 78 So. 3d at 646 (concluding that juvenile's concurrent fifty-year sentences were not the functional equivalent of life sentences); see also Kelsey v. State, 40 Fla. L. Weekly D1291, 1292 (Fla. 1st DCA Nov. 9) (on motion for rehearing) (affirming as not violative of Graham the forty-five year sentence imposed on the resentencing of a juvenile nonhomicide offender), review granted, No. SC15-2079 (Fla. Nov. 19, 2015); cf. Morris v. State, 40 Fla. L. Weekly D1948 (Fla. 2d DCA Aug. 21, 2015) (concluding that juvenile's sixty-five year sentence violated Graham in light of Henry and Gridine); Brooks v. State, 40 Fla. L. Weekly D2696 (Fla. 5th DCA Dec. 4, 2015) (concluding that juvenile's sixty-five year sentences violated Graham); Barnes v. State, 175 So. 3d 380, 382 (Fla. 5th DCA 2015) (concluding that juvenile's sixty-year sentences were unconstitutional in light of Henry).

The postconviction court correctly denied Williams' claim.  Williams would be entitled to be resentenced only if his sentence violated Graham.  See Kelsey, 40 Fla. L. Weekly D1291.  Because his fifty-year sentence is not a de facto life sentence in violation of Graham, Williams is not entitled to relief and we affirm the denial of his postconviction motion.

KHOUZAM and CRENSHAW, JJ., Concur.