DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MILAGRO CUNNINGHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4364

[March 23, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles Burton, Judge; L.T. Case No. 2005CF006814A02.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Milagro Cunningham appeals his seventy-year sentence for crimes he committed as a juvenile. We reverse based upon *Henry v. State*, 175 So. 3d 675 (Fla. 2015), and *Gridine v. State*, 175 So. 3d 672 (Fla. 2015).

Cunningham was convicted of attempted second degree murder (count I), kidnapping a child under thirteen (count II), three counts of sexual battery on a child under twelve (counts III, IV, and V), and aggravated child abuse (count VI), for acts committed when he was seventeen years old. The court sentenced him to fifteen years on count I, life sentences on counts II through V, and thirty years on count VI.

On appeal, we affirmed his attempted second-degree murder conviction under count I on the authority of *Williams v. State*, 40 So. 3d 72 (Fla. 4th DCA 2010), which was then pending before the Florida Supreme Court. *Cunningham v. State*, 74 So. 3d 568, 569 (Fla. 4th DCA 2011). As to his life sentences on counts II through V, we reversed based upon *Graham v. Florida*, 560 U.S. 48, 82 (2010), which holds that the Constitution prohibits the imposition of life sentences without parole for juvenile

offenders convicted of non-homicide offenses. *Cunningham*, 74 So. 3d at 570.

The Florida Supreme Court subsequently quashed this Court's decision affirming Cunningham's conviction on count I and remanded for reconsideration based on its decision in *Williams v. State*, 123 So. 3d 23 (Fla. 2013). *Cunningham v. State*, 134 So. 3d 446 (Fla. 2014). On remand, we reversed the conviction on count I and remanded for a new trial on that count, noting that we had previously ordered resentencing on counts II through V. *Cunningham v. State*, 162 So. 3d 1 (Fla. 4th DCA 2014).

On remand, Cunningham entered a plea on count I and the trial court sentenced him to 30.175 years on that count. It reduced the life sentences on counts II through V to concurrent forty-year sentences. On count VI, the court ordered the thirty-year sentence to be served consecutively to the other counts, for a total sentence of 70.175 years in prison. Defense counsel objected that the seventy-year sentence was a de facto life sentence in violation of *Graham*, 560 U.S. at 82. Cunningham now appeals this sentence.

In *Henry v. State*, 175 So. 3d 675, 679-80 (Fla. 2015), our supreme court held that a juvenile non-homicide offender's aggregate sentence, which totaled ninety years, was unconstitutional under *Graham*. 560 U.S. at 82. And in *Gridine v. State*, 175 So. 3d 672, 674-75 (Fla. 2015), the court found that a seventy-year sentence for non-homicide offenses by a juvenile offender was also unconstitutional because it did not provide the defendant with a meaningful opportunity for early release based upon maturity and rehabilitation. In light of *Henry* and *Gridine*, both of which were decided after the trial court's resentencing in the present case, Cunningham's aggregate sentence of seventy years for non-homicide offenses committed as a juvenile is unconstitutional.

We reverse for resentencing in accordance with *Henry*, 175 So. 3d at 680, and *Horsley v. State*, 160 So. 3d 393, 395-96 (Fla. 2015).

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2