IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 9, 2016

MALIK JIMER WILLIAMS, )
)
      Appellant, )
)
v. )   Case No. 2D14-1732
)
STATE OF FLORIDA, )
)
      Appellee. )
_____ )

BY ORDER OF THE COURT:

    Appellant's motion to stay mandate and motion for reconsideration is denied.  On

its own motion, this court withdraws the prior per curiam affirmance dated March 16,

2016, and substitutes the following opinion.  No further motions for rehearing will be

entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MALIK JIMER WILLIAMS,                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No.    2D14-1732
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed November 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; William Fuente,
Judge.

Howard L. Dimmig, II, Public Defender,
and Christopher E. Cosden, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney
General, Tampa, for Appellee.


KELLY, Judge.

        Malik Jimer Williams appeals from his convictions and sentences for first-

degree murder and attempted murder.  Williams was seventeen years old when he

committed the offenses.  He raises two issues in this appeal, neither of which require reversal.  However, we write to explain why we have affirmed his sentences.

The trial court sentenced Williams to thirty-five years in prison, with a twenty-five-year mandatory minimum term, for the first-degree murder.  He also received a sentence of twenty-five years in prison, with a twenty-five-year mandatory minimum term, followed by ten years of probation for the attempted murder.  Williams argues he is entitled to be resentenced under chapter 2014-220, Laws of Florida, even though his offenses were committed before the effective date of the new law.  We disagree.  In Horsley v. State 160 So. 3d 393, 395 (Fla. 2015), the supreme court held that all juvenile homicide offenders whose sentences are unconstitutional under Miller v. Alabama, 132 S. Ct. 2455 (2012), are entitled to be sentenced under chapter 2014-220. Miller prohibits mandatory life-without-parole sentences for juvenile homicide offenders. 132 S. Ct. at 2469.  Williams received a sentence of thirty-five years on his conviction for first-degree murder, therefore, his sentence is not unconstitutional under Miller, and he is not entitled to be resentenced under the new law.

In Henry v. State, 175 So. 3d 675, 680 (Fla. 2015), the court held that Graham v. Florida, 560 U.S. 48 (2010), which prohibits life-without-parole sentences for juvenile nonhomicide offenders, applies to lengthy term-of-years sentences that do not provide juvenile nonhomicide offenders with a meaningful opportunity for release during their lifetimes.  A juvenile nonhomicide offender whose sentence is not unconstitutional under Graham is not entitled to resentencing under the new law.  See Williams v. State, 197 So. 3d 569, 572 (Fla. 2d DCA 2016).  In this case, Williams was sentenced to twenty-five years, with a twenty-five-year mandatory minimum, on his conviction for

attempted murder.  This sentence is not a de facto life sentence, and therefore is not unconstitutional under Graham.  See id. (holding that a sentence of fifty years with a twenty-year mandatory minimum was not a de facto life sentence and did not violate Graham).

Accordingly, we affirm Williams' convictions and sentences.

LaROSE and BADALAMENTI, JJ., Concur.