IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 18, 2016

DANNY WAITERS, JR.,                      )
                                          )
            Appellant,                    )
                                          )
v.                                        )      Case No. 2D14-4589
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
_____ )

BY ORDER OF THE COURT:

Appellant's motion for rehearing is denied; the motion for a written opinion is

granted. The prior per curiam affirmance dated April 8, 2016, is withdrawn, and the

attached opinion is issued in its place. No further motions for rehearing will be

entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

DANNY WAITERS, JR.,                     )
                                        )
      Appellant,                  )
                                        )
v.                                      )     Case No.    2D14-4589
                                        )
STATE OF FLORIDA,                       )
                                        )
      Appellee.                   )
_____)

Opinion filed November 18, 2016.

Appeal from the Circuit Court for
Manatee County; Edward Nicholas,
Judge.

Howard L. Dimmig, II, Public Defender,
and Carol J.Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jason M. Miller,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

      Danny Waiters appeals from his conviction and sentence for second

degree murder.  He raises two issues in this appeal, neither of which require reversal.

However, we write to explain why we have affirmed the denial of his motion to correct

sentencing error.  Waiters, who was seventeen years old when the offense was

committed, is serving a forty-year sentence for second-degree murder. He contends that pursuant to Horsley v. State, 160 So. 3d 393 (Fla. 2015), he was entitled to be sentenced under section 921.1402, Florida Statutes (2014),[1] even though his crime was committed before the effective date of the statute. Horsley held that section 921.1402 applies to all juvenile offenders whose sentences are unconstitutional under Miller v. Alabama, 132 S. Ct. 2455 (2012), regardless of when their crimes were committed. Horsley, 160 So. 3d at 405-06. Miller held that a mandatory life sentence without parole for juvenile homicide offenders is unconstitutional. 132 S. Ct. at 2469. Because Waiters did not receive a mandatory life sentence without parole, his sentence is not unconstitutional under Miller and he was not entitled to be sentenced under section 921.1402. Moreover, Waiters' forty-year sentence is not a de facto life sentence without parole, see, e.g., Williams v. State, 197 So. 3d 569, 572 (Fla. 2d DCA 2016) (holding that a fifty-year sentence is not the equivalent of a life sentence without the possibility of parole), qualifying him for relief under Landrum v. State, 192 So. 3d 459, 469 (Fla. 2016) (reversing Landrum's nonmandatory life-without-parole sentence for second-degree murder imposed without individualized consideration of Landrum's "youth and its attendant characteristics" that is required under Miller). Accordingly, we affirm the denial of his motion to correct sentencing error.


MORRIS and BLACK, JJ., Concur.
KELLY, J., Concurs in result.

---

[1]Section 921.1402 provides for review of a juvenile's sentence to allow the juvenile an opportunity to obtain early release based upon demonstrated maturity and rehabilitation.

KELLY, Judge, Concurring in result.

I concur in result because I believe this court's precedent, and particularly Williams, requires me to do so. Whether Waiters was entitled to be sentenced under section 921.1402 hinges on what the Florida Supreme Court meant in Horsley when it stated the new statute applies to "all juvenile offenders *whose sentences are unconstitutional under Miller.*" Horsley, 160 So. 3d at 395 (emphasis added). As have others, this court has adopted a literal view of what it means for a sentence to be unconstitutional under Miller (prohibiting sentencing schemes that mandate life in prison without possibility of parole for juvenile offenders convicted of murder) or Graham v. Florida, 560 U.S. 48 (2010) (invalidating life without parole sentences for juveniles convicted of nonhomicide offenses). See, e.g., Williams, 197 So. 3d at 572. However, the Florida Supreme Court has emphasized that it has "consistently followed the spirit of Graham and Miller rather than a narrow, literal interpretation." Atwell v. State, 197 So. 3d 1040, 1046 (Fla. 2016), reh'g denied, No. SC14-193, 2016 WL 4440673 (Aug. 23, 2016). It again made this point recently in Atwell where it stated, "[i]t is thus evident from our case law that this Court has—and must—look beyond the exact sentence denominated as unconstitutional by the Supreme Court and examine the practical implications of the juvenile's sentence, in the spirit of the Supreme Court's juvenile sentencing jurisprudence." Id. at 1047. In rejecting the notion that a life sentence under Graham meant only a sentence denominated as life in prison, the supreme court in Henry v. State, 175 So. 3d 675 (Fla. 2015), stated,

> In light of the United States Supreme Court's long-held and consistent view that juveniles are different—with

> respect to prison sentences that are lawfully imposable on adults convicted for the same criminal offenses—we conclude that, when tried as an adult, the specific sentence that a juvenile nonhomicide offender receives for committing a given offense is not dispositive as to whether the prohibition against cruel and unusual punishment is implicated.

Id. at 680.

The supreme court's focus has been on the need for individualized sentencing procedures for juveniles—procedures different from those used for adults—as well as the need for a subsequent review mechanism that provides juveniles with a meaningful opportunity for release. See id.; see also Landrum, 192 So. 3d at 468-69; Henry, 175 So. 3d at 680; Horsley, 160 So. 3d at 406.

I acknowledge that the supreme court has not held that a juvenile homicide offender who is sentenced to a lengthy term of years, without an individualized sentencing hearing and without an opportunity for subsequent review, is serving a sentence that is unconstitutional under Miller. However, given its emphasis on the necessity for these procedures—as opposed to a focus on the actual sentence imposed—I would reverse the denial of Waiters' motion and remand for resentencing under the new statutory scheme.