DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYRONE GLADON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3810

[ August 16, 2017 ]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward Harold Merrigan, Judge; L.T. Case Nos. 79-6274 CF10A, 79-7437 CF10A, 79-8139 CF10A and 79-9358 CF10A.

Tyrone Gladon, Bristol, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly Acuña, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Tyrone Gladon appeals the denial of a motion to correct illegal sentence. He claims that a 99-year sentence for non-homicide offenses he committed as a juvenile violates *Graham v. Florida*, 560 U.S. 48 (2010), and subsequent Florida Supreme Court decisions interpreting *Graham*. The trial court denied the motion based on the state's response, which contended relief was unavailable under rule 3.800(a), where an evidentiary hearing was needed to resolve a factual dispute regarding appellant's birthdate. We reverse and remand for further proceedings because the trial court should have treated appellant's sworn motion as a timely rule 3.850(b)(2) motion.

In its response below, the State disputed appellant's juvenile status, given his date of birth as shown on the Department of Corrections website. While appellant claimed he was 17 years old at the time of the offenses, the State asserted he was 22 years old. Even assuming appellant was a juvenile, the State argued that appellant's 99-year sentence was not unconstitutional because it was not the "functional equivalent" of a life

sentence where appellant's eligibility for parole and gain time brought his release date within his natural lifetime.

This reasoning has since been rejected by the Florida Supreme Court, because the constitutionally relevant inquiry for a juvenile's sentence is whether it provides a meaningful opportunity for early release based on maturation and rehabilitation; the length of the sentence alone is not dispositive. *See Johnson v. State*, 215 So. 3d 1237, 1240 (Fla. 2017) ("*Graham* prohibits juvenile nonhomicide offenders from serving lengthy terms of incarceration without any form of judicial review mechanism."); *Kelsey v. State*, 206 So. 3d 5, 10-11 (Fla. 2016) (declining to require that a term-of-years sentence be a "de facto life" sentence for *Graham* to apply).

Furthermore, the Florida Supreme Court has indicated that parole and gain time generally do not satisfy the requirements of *Graham* because neither avenue of early release is adequately based on a juvenile's demonstration of maturity and rehabilitation. *See Johnson*, 215 So. 3d at 1237 (recognizing that *Graham*, as articulated in *Henry v. State*, 175 So. 3d 675 (Fla. 2015), prohibits "a sentence which includes early release that is not based on a demonstration of rehabilitation and maturity" such as gain time); *Atwell v. State*, 197 So. 3d 1040, 1049 (Fla. 2016) ("Parole is, simply put, 'patently inconsistent with the legislative intent' as to how to comply with *Graham* and *Miller* [*v. Alabama*, 567 U.S. 460 (2012)]." (citation omitted)).

In the present case, appellant filed his rule 3.800(a) motion, which is sworn under the penalty of perjury, in 2016. "[A] motion filed under rule 3.800(a) may be treated as a motion filed under rule 3.850 where it is in the 'interest of justice to do so' and the motion would be timely under rule 3.850." *Johnson v. State*, 60 So. 3d 1045, 1052 (Fla. 2011) (citation omitted). Although appellant filed his motion outside the two-year window of rule 3.850(b), appellant's motion asserted he was entitled to relief under *Henry* and *Atwell*, which were decided in 2015 and 2016, respectively. *See* Fla. R. Crim. P. 3.850(b)(2) (providing an exception to the two-year time limit where "the fundamental constitutional right asserted was not established within the [two-year] period . . . and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity").

The United States Supreme Court's decision in *Graham* created a new fundamental constitutional right, and courts have applied *Graham* retroactively. *See St. Val v. State*, 107 So. 3d 553, 554 (Fla. 4th DCA 2013). Because *Graham* applies retroactively, "*Henry*'s application of *Graham* to lengthy term of years sentences should also be given retroactive

2

application." *Williams v. State*, 197 So. 3d 569, 571 (Fla. 2d DCA 2016.

Accordingly, appellant's motion was timely filed pursuant to rule 3.850(b)(2). *See Marshall v. State*, 214 So. 3d 776, 777-79 (Fla. 2d DCA 2017) (reversing the denial of a rule 3.850(b)(2) motion, where juvenile non-homicide offender with 99-year sentence filed motion within two years of the decisions in *Henry* and *Atwell*).

On remand, the trial court should consider appellant's motion under rule 3.850(b)(2) and address appellant's claim in light of the Florida Supreme Court decisions noted above. Assuming the State cannot conclusively refute appellant's claim with record attachments, the trial court should conduct an evidentiary hearing to resolve the dispute concerning appellant's birthdate. At a hearing, appellant will bear the burden. Fla. R. Crim. P. 3.850(f)(8)(B) ("At an evidentiary hearing, the defendant shall have the burden of presenting evidence and the burden of proof in support of his or her motion.").

Finally, we note that appellant is subject to sanctions if the trial court determines that he has brought a frivolous claim or has knowingly or recklessly made false allegations. § 944.279(1), Fla. Stat. (2016). "Postconviction movants should also remain aware that penalties for direct contempt of court or perjury may be imposed when movants are untruthful in postconviction proceedings." *Oquendo v. State*, 2 So. 3d 1001, 1006 (Fla. 4th DCA 2008).

*Reversed and Remanded for further proceedings.*

TAYLOR, DAMOORGIAN and FORST, JJ., concur.

\*   \*   \*

**Not final until disposition of timely filed motion for rehearing.**